WIETING, Respondent, vs. THE TOWN OF MILLSTON, Appellant.

*September 25 — October 14, 1890.*

*(1) Defective highway: Notice of injury, how given. (2) Sufficiency of description of place and defect. (3) Contributory negligence: Instructions to jury. (4) Second injury as consequence of first. (5) New trial.*

1. The giving of the notice of an injury caused by a defective highway in a town, required by sec. 1339, R. S., is sufficiently proved by showing that it was received by the proper officer within the statutory time and filed by him with the town clerk.

2. A notice stating that J. W. "was injured by being thrown from a wagon on the main highway on section 2, town 20 north, of range 2 west, at a point where said road turns and runs due north, and where said road goes over a hill or bluff; that said injury was caused by a hole being washed in the road, so that in descending the hill, going south, the wagon plunged off from a stone table into said washout," — is *held* sufficiently to describe the place where the accident happened and the defect in the highway which caused it.

3. The refusal to give special instructions on the subject of contributory negligence is *held* not to have been error where such instructions were in the nature of an argument based upon some of the evidence, and the general charge contained a full and fair statement of the law.

4. In an action against a town for the breaking of a leg caused by a defective highway, it appeared that the plaintiff, after having so far recovered as to be about on crutches, had his leg broken a second time by the overturning of a buggy in which he was riding. *Held,* that if the leg would not have been so broken but for its weakened and impaired condition due to the previous breaking, and if the plaintiff was not chargeable with any negligence in respect thereto, he could recover for such second breaking as one of the natural consequences of the first.

5. An order denying a motion for a new trial on the ground of newly discovered evidence will not be reversed where such evidence is merely cumulative and might, with proper diligence, have been produced on the trial.

APPEAL from the Circuit Court for *Jackson* County. The opinion states the case.

For the appellant there was a brief signed by *Bleekman, Tourtelotte & Bloomingdale*, attorneys, and *C. C. Pope*, of counsel, and the cause was argued orally by *A. E. Bleekman* and *F. A. Bloomingdale*. They contended, *inter alia*, that it was error to refuse the first, second, fourth, and fifth special instructions, asked by the defendant, on the subject of contributory negligence.[1]

---

[1] These instructions were as follows:

"*First.* If you believe the testimony of the plaintiff and his witnesses as to the nature and character of the insufficiency and want of repair of the highway in question at the time of the injury of the plaintiff on the 28th day of September, 1888, and if you further believe that it was

For the respondent there was brief by *James O'Neill* and *George E. Waldo*, and oral argument by *Mr. O'Neill*.

TAYLOR, J.   This action was brought to recover damages for an injury received upon a highway in the defendant town, the plaintiff alleging that his injury was caused by a defect in such highway.   The plaintiff recovered judgment in the trial court, and the defendant town appeals to this court.   The errors alleged are (1) that the plaintiff failed to prove that he had given notice of his injury to the supervisors of the town, as required by sec. 1339, R. S.; (2) because the appellant alleges that, upon all the evidence in the case, it was conclusively shown that the plaintiff was guilty of negligence which contributed to his injury; (3) for refusing instructions asked by the defendant, and for erroneously

not consistent with reasonable care upon the part of the plaintiff to drive over the precipice or insufficiency in said road with a team of four horses, one span of which was a runaway span, hitched to a wagon containing a cord of oak wood, the plaintiff sitting upon said wood, with his feet hanging down in front of the load, then and in that case you must find for the defendant.

"*Second.* If you believe, from all the testimony in this case, that the plaintiff was chargeable with a slight want of ordinary care in his conduct at the time of the injury complained of, then and in that case you must find for the defendant, even though you believe, from the testimony, said defendant was guilty of gross negligence, no matter how gross, upon its part, in not repairing the highway where the accident occurred; unless you also believe, from the testimony, that the negligence of the defendant was so gross that you infer it was wilful or malicious."

"*Fourth.* If the jury believe from the evidence that at the time the accident happened the plaintiff was driving a team of four horses, hitched to a wagon loaded with cord-wood; that the two wheel horses were a runaway team; that one of the front stakes in the rack that held the cord-wood on the wagon was a weak and insufficient stake for the purposes for which it was used; that the plaintiff was seated on the top of the load of cord-wood, with his legs and feet hanging down in front of the load; that while driving said team, with said stake in said rack, seated in said position, he drove off a stone table into a hole in the de-

instructing the jury; and (4) the refusal to grant a new trial on the ground of newly discovered evidence.

Two objections are made to the notice — *first*, that it was not properly served on one of the supervisors of the town, as required by the statute; and, *second*, that the notice does not describe the place where the accident happened with sufficient particularity. The following is a copy of the notice given:

"*John Wieting against the Town of Millston.* To the chairman of the town of *Millston:* You will please take notice that on the 28th day of September, 1888, *John Wieting* was injured by being thrown from a wagon on the main highway on section 2, town 20 north, of range 2 west, at a point near where said road turns and runs due north, and where said road goes over a hill or bluff; that said injury was caused by a hole being washed in the road, so that in descending the hill, going south, the wagon plunged off from

---

fendant's road, eighteen to twenty inches deep, extending across the traveled track of the road, which hole he had knowledge of from his own observation,— then I charge the jury, as a matter of law, that the plaintiff would be guilty of contributory negligence and cannot recover, and the jury will find for the defendant.

"*Fifth.* If the jury believe from the evidence that the plaintiff, by his own negligence, directly contributed in any degree to the injury sued for, they will find for the defendant; as, if the jury believe from the evidence that the plaintiff was driving a team of four horses, hitched to a wagon loaded with cord-wood, down the hill in question; that the two wheel horses were a runaway team; that one of the front stakes in the rack that held the cord-wood on the wagon was a weak and insufficient stake for the purpose for which it was used; that plaintiff was seated on the top of the load, with his legs and feet hanging down in front of the load; that the plaintiff, while so driving, drove off a stone table in the road into a hole next to the stone table, eighteen to twenty inches deep, extending across the traveled track of the road, which hole the plaintiff had knowledge of from his own observation; and, if the jury believe from such evidence that the plaintiff in so doing directly contributed in any degree to the injury sued for,— then the jury will find for the defendant."— REP.

a stone table into said washout; and that satisfaction is claimed from said town of *Millston*. Dated November 17, 1888."

The evidence shows that this notice was delivered by the plaintiff's attorney to one Bauml to be served on Mills, the chairman of the town; that Bauml left this notice with Frost to hand to Mills. The evidence further shows that Mills received the notice within ninety days after the accident happened, and that he filed the same in the office of the clerk of the board within said time. This, we think, is sufficient. The statute simply requires that a notice in writing, signed by the party, his agent or attorney, shall be given to one of the supervisors of the town within the ninety days. The evidence shows that the attorney of the plaintiff made out the notice, signed the same, and that it was given to Frost with instructions to hand it to Mills, the chairman of the town; and afterwards, and within the ninety days, it came to the possession of Mills, and he filed the same with the town clerk. The object of the statute is accomplished; the proper officer of the town gets the notice required, within the statutory time, and he recognizes the notice as coming to him in his official capacity, by filing it with the clerk of the town. The manner of giving the notice is not prescribed by the statute. We think the notice was properly given. See *Goldsworthy v. Linden*, 75 Wis. 24; Wade, Notice, §§ 829, 1337, 1342.

We are also of the opinion that the notice sufficiently described the place where the accident happened as well as the defect in the highway which caused the accident. It describes the place as being " on the main highway on section 2, town 20 north, of range 2 west, at a point near where said road turns and runs due north, and where said road goes over a hill or bluff." It is said that describing the road as on section 2, etc., is not sufficient. It is claimed that the section 2 mentioned in the notice means section 2 in said

town of *Millston*. The evidence shows there was such a section 2 in said town, and that there was a main highway on said section 2 in said town, and that said highway runs over a hill or bluff in its course through said section 2, and that, at a point near where said highway turns north, the accident happened. If the accident happened where the testimony of the plaintiff claims it did, there can be no doubt as to the sufficiency of the description of the place in the notice. It is also urged that the notice does not sufficiently describe "the insufficiency or want of repair which occasioned the accident." The description of the insufficiency in the highway is the same as that which the plaintiff's evidence tended strongly to prove on the trial. It is clear the town authorities were not in any way misled by any insufficient description in the notice of the cause of the accident. We think there can be no question but that the learned trial judge was right in holding the notice sufficient in all respects. *Fopper v. Wheatland,* 59 Wis. 623, and cases cited in the opinion in that case.

It is urged by the learned counsel for the appellant that the court should have nonsuited the plaintiff, or have directed a verdict for the defendant, for the reason, as they claim, that the evidence clearly establishes contributory negligence on the part of the plaintiff. Without citing the evidence given on the trial, we are very clear that the evidence does not, as a question of law, show contributory negligence on the part of the plaintiff. Probably there was evidence in the case which, if believed by the jury, would have justified them in finding that the plaintiff's negligence contributed to the accident; but, upon the whole evidence, it was clearly a question of fact for the jury, and not of law for the court.

The learned counsel for the appellant also assign as error the refusal of the court to give several special instructions requested by them upon the subject of contributory negli-

gence on the part of the plaintiff. We have read the instructions given to the jury upon that question, and we are satisfied that the learned circuit judge submitted the question of the contributory negligence of the plaintiff with a full and fair statement of the law upon that subject, and that the learned judge did not err in refusing to give the special instructions asked. These instructions are more in the nature of an argument based upon some of the evidence given on the trial, and from which it is claimed contributory negligence was established, than of a legitimate statement of the law on the subject of such negligence. We think the case was fairly submitted by the learned judge, and that the defendant was not prejudiced by the refusal of the court to give the special instructions requested.

After verdict, a motion was made for a new trial, upon the minutes of the court, for the reasons urged in this court for a reversal of the judgment. This motion was overruled by the court, and thereafter the defendant moved for a new trial upon the ground of newly discovered evidence. This motion was also overruled, and defendant excepted, and alleges such refusal of the court to grant a new trial as error for which the judgment should be reversed. It appeared on the trial that, after the plaintiff had partially recovered from the injuries received by him at the time of the accident, he received a further injury by being thrown from a buggy in which he was riding in the night-time with one of his neighbors; and a question arose on the trial whether the plaintiff was entitled to enhanced damages by reason of the second injury. Upon that question, the learned circuit judge instructed the jury at considerable length, and, as we think after reading the instructions carefully, in strict accordance with the law. As this question is a matter of importance in this case, and perhaps of interest to the public, we insert the instructions at length given by

the learned trial judge upon this point in the case. He said:

" The plaintiff's attorney asks a special instruction with regard to the second breaking of his leg. The evidence shows that his leg was broken a second time after it so knit together that the man went around on crutches, and was at Neillsville. Now, I have already instructed you that he is entitled to recover for his loss or damages which were occasioned by this accident upon that highway. Now, this accident upon the highway broke his leg. The leg had knit together, but was not entirely well at the time of the second accident. Now, the law does not require that a man who has received such an injury shall lie upon his bed until his injuries are perfectly restored. He has a right to get upon his crutches, and to be out doors, and to ride in a wagon, as soon as it is reasonably safe and prudent for him to do so; and if, by doing so, another accident happens to him, which would not have happened except for the first accident, the first accident would be the cause of the damage which he receives. Now, applying it to this case, this man was upon crutches. He was able to be about the street some, and was visiting at Neillsville with a friend of his, and in riding home the buggy was overturned and his limb broken. Now, the evidence, as it stands before you, perhaps does not show very clearly whether there was any new cause there which would have broken a sound limb, or whether the fact that it was broken by this overturning was due to the fact that the limb was weakened and impaired by the previous accident. So I think that if it should be true that his being at the place that he was in this buggy was not negligence, if it was a thing he might do with reasonable safety, and if there was no negligence on his part or the part of the driver of the team with whom he was riding, which caused the oversetting of the wagon, and if

there was no cause at the time of the oversetting which would have broken his leg, except from this weakened and impaired condition from the previous accident, then I think it would be, in contemplation of law, one of the consequences of the previous accident which broke it the second time; but this would not be true at all if it was negligence for him to be where he was riding in his wagon, or if either he or the man who drove his team was negligent, and their negligence caused this oversetting of the wagon and the breaking of the leg, under circumstances where it would not have broken but for the previous injury. So you will say what you think the truth is in regard to that. If, in that fair sense that I have tried to explain to you, you think the second break was really a natural consequence of the first injury in the impaired condition of the leg, and without negligence on the part of the plaintiff, then he would be entitled to recover for the pain and suffering it caused him, and for the expense of being cured and nursing through the prolongation of his injury. That, I think, is what is right, and what is the law with reference to that question."

These instructions, we think, give the law upon this subject correctly. See *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 359; *Milwaukee & St. P. R. Co. v. Kellogg*, 94 U. S. 475.

It is urged by the learned counsel that the town where the plaintiff was thrown from the buggy might have been liable for that injury by reason of some defect in the highway at that place, but there is no evidence in the case tending to prove that there was a defect in such highway; and, in the affidavits made to support the motion for a new trial for newly discovered evidence, there is nothing tending to show any defect in such highway.

As has been often said by this court, the granting or refusing of a motion for a new trial upon the ground of

newly discovered evidence is generally a matter in the discretion of the trial judge, and his decision of the motion will not be reversed except in extreme cases. When the new evidence is merely cumulative, this court will not reverse the order of the court denying the motion. In the case at bar, all the evidence claimed to be newly discovered is merely cumulative and, with proper diligence on the part of the defendant, might have been produced on the trial of the action. We must hold that it was not error to refuse to grant a new trial in this case.

*By the Court.*— The judgment of the circuit court is affirmed.