HANNAH N. RAYMOND *vs.* CITY OF HAVERHILL.

Essex.    March 12, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Liability of Municipal Corporation for Consequential Damages resulting from Injuries sustained through a Defective Public Way.*

In an action against a municipal corporation, under Pub. Sts. c. 52, § 18, for injuries received in consequence of a defect in a public way, the defendant is liable in damages only for the direct and immediate results of the injury, and not for the results of a subsequent injury occasioned by the voluntary act of the plaintiff, which was not induced by any necessity caused by his previous injury.

TORT, for personal injuries occasioned to the plaintiff in consequence of a defect in a public way in the city of Haverhill.

Trial in the Superior Court, before *Sherman,* J., who, after a verdict for the plaintiff, at the request of the defendant, reported the case for the determination of this court, in substance as follows.

The plaintiff introduced evidence tending to show that, on June 18, 1894, while travelling on a street in the defendant city, and while in the exercise of due care, she fell and received injuries in consequence of a defect in the sidewalk; that thereafter by reason of the injury, her right ankle was weakened and disabled so that at times it was likely to turn and to fail to support her; that on October 9, 1894, while assisting to prepare for an entertainment in a public hall, she undertook to step from a chair on which she was standing to a settee, and, while so in the act of stepping, her right ankle, as her left foot was raised, failed to support her; and that she fell and fractured her leg. On cross-examination, she testified that she was aware that the weak foot was liable to give way, but that she was willing to take her chances as it was the only foot she had to step on.

The defendant requested the judge to rule that the plaintiff was not entitled to recover for the injuries which she sustained by reason of the fall in the hall, but the judge declined so to rule, and instructed the jury that if the plaintiff, when she fell in the hall, was in the exercise of due care, and if that fall

was the natural result of the weak and disabled condition of her ankle caused by the fall on the sidewalk, then, if she was entitled to recover for the injuries sustained by reason of the fall on the sidewalk, she would also be entitled to recover for the injuries sustained by her in the hall.

The judge submitted the following questions to the jury:

" 1. What are the damages on account of the injury received June 18, 1894?

" 2. What are the damages on account of the injuries received June 18, 1894, and October 9, 1894 ? "

The jury were instructed, in answering the first question, to take into account and allow for all the pain, suffering, inconvenience, and disability, present or future, which they should find that the plaintiff had suffered or would suffer by reason of the injury received on the sidewalk, but not to consider as an element of damages the injury received in the hall; and they were further instructed not to answer the second question unless they found that the plaintiff was in the exercise of due care when she fell in the hall. To the first question the jury answered, $500; and to the second, $800.

If the plaintiff was entitled to recover damages for the injuries sustained in the hall, judgment was to be entered for the larger sum ; otherwise, for the smaller sum.

*B. B. Jones & M. A. Pingree,* for the defendant.

*W. H. Moody & H. E. Bartlett,* (*J. H. Pearl* with them,) for the plaintiff.

FIELD, C. J. A majority of the court are of opinion that judgment should be entered for the smaller sum. In actions under Pub. Sts. c. 52, § 18, against towns and cities for injuries received in consequence of defects in public ways, the towns and cities are liable in damages only for the direct and immediate results of the injury. *Harwood* v. *Lowell,* 4 Cush. 310. *Marble* v. *Worcester,* 4 Gray, 395. *Jenks* v. *Wilbraham,* 11 Gray, 142.

The damage received by the plaintiff from undertaking to step from the chair to the settee on October 9, 1894, when her right ankle failed to support her and she fell, is not a direct and immediate result of the accident which happened on June 18, 1894. On October 9, 1894, she was not acting from any necessity caused by her previous injury, but acting independently and voluntarily,

and as a result of her voluntary conduct she was again injured. A new and independent cause intervened between the original injury and the injury she received on October 9. We do not mean to intimate that, if this were an action of tort for negligence at common law, and not under statutes, the injury received on October 9 could be considered as the natural and proximate result of the injury received on June 18. See *Scheffer* v. *Washington City, Virginia Midland, & Great Southern Railroad,* 105 U. S. 249. *Milwaukee & St. Paul Railway* v. *Kellogg,* 94 U. S. 469.

The only decisions opposed to the view we have taken which have been shown us are *Wieting* v. *Millston,* 77 Wis. 523, and *Brown* v. *Chicago, Milwaukee, & St. Paul Railway,* 54 Wis. 342. It is possible to distinguish *Brown* v. *Chicago, Milwaukee, & St. Paul Railway.* *Wieting* v. *Millston* clearly supports the instructions of the presiding justice in the present case, but we are not satisfied with that decision.

By the terms of the report, the verdict must be set aside, and judgment entered for the sum of five hundred dollars.

*So ordered.*