CATHERINE A. NESTOR *vs.* CITY OF FALL RIVER.

Bristol.     October 27, 1902. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Way*, Defect in highway. *Damages.* *Shade Trees.*

A loose and rotten root of a tree, standing in a sidewalk of a city, which has stood there for sixty years or more and comes under the provisions of the statutes relating to shade trees, may be found to be a defect in the highway. The question whether a sound portion of the root of such a tree could be found to be such a defect was not open on the exceptions.

Under Pub. Sts. c. 52, § 18, (R. L. c. 51, § 18,) a father cannot recover for the bill of a physician employed by him to attend his minor daughter injured by a

---

defect in a highway. Nor can the daughter recover for the expense incurred
by her father.

MORTON, J.   This is an action of tort for personal injuries
from an alleged defect in the sidewalk of a public street in the
defendant city.   There was a verdict for the plaintiff, and the
case is here on the defendant's exceptions.   If the plaintiff is
entitled to recover at all there is also a further question affecting
the amount, namely, the right of the plaintiff or her father to
recover for medical expenses.

The defect complained of was a loose and rotten root of a tree
which stood in the sidewalk, and which the testimony tended to
show had stood there for sixty years or upwards and which
therefore comes within St. 1856, c. 256, and subsequent statutes
relating to shade trees.*   The plaintiff testified that she tripped
and fell over this root, and her testimony was corroborated.   But
it would seem clear from the answer of the jury to one of the
questions that were put to them by the judge, and from their
failure to answer the others, that even if there was a defect of
the nature claimed, which was strongly disputed, the jury were
of opinion that the plaintiff's injury was caused not by her trip-
ping over this root but over the brace or main root of the tree.
And one of the questions, if not the principal question which the
defendant now seeks to raise is whether the jury should have
been permitted to find for the plaintiff if she tripped over the
brace or main root of the tree.   We do not think that, as the
exceptions stand, this question is open to the defendant.   None
of the rulings that were requested raise it, and in the colloquy
which took place at the end of the charge, though that may have
been what was in the mind of counsel, the point was not dis-
tinctly stated, or presented in such a manner that the exception
which was saved could be fairly understood as raising the ques-
tion which the defendant now seeks to raise.

The rulings that were requested were rightly refused so far as
refused.   The first was that the plaintiff was not entitled to re-
cover.   The plaintiff's testimony alone required that the case
should be submitted to the jury, and that this request should be
refused.   The second as to ice and snow was given.   The third
was also given in substance.   And the fourth was rightly re-

---

* R. L. c. 53, § 6.

fused for the same reason for which the first was refused, namely, that there was evidence which required the case to be submitted to the jury.

The remaining question relates to the right of the plaintiff or her father to recover for the medical services required by her in consequence of the injury. The plaintiff is a minor. The physician was employed by the father, and the parties agreed that if the amount of his bill could be recovered by the father or the plaintiff it might be recovered in this action. The liability on the part of the city is a statutory one, and not at common law. The statute provides for bodily injuries, and damage to property. Pub. Sts. c. 52, § 18. And it has been held that damages are given only for direct injury to the person and to property. *Harwood* v. *Lowell,* 4 Cush. 310. *Raymond* v. *Haverhill,* 168 Mass. 382. We think that these cases are decisive of this. The verdict returned by the jury was for $300 damages and the doctor's bill of $125. The parties agreed that if the exceptions were sustained only as to the doctor's bill, the verdict should stand as a verdict for $300. In accordance with this agreement the exceptions will be overruled and the verdict for the plaintiff of $300 will stand. *So ordered.*

The case was submitted on briefs at the sitting of the court in October, 1902, and afterwards was submitted on briefs to all the justices.

*H. A. Dubuque,* for the defendant.

*J. W. Cummings & C. R. Cummings,* for the plaintiff.