EVA F. SNOW *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

THEODORE SNOW *vs.* SAME.

Suffolk.    November 12, 1903. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Damages,* Remoteness.  *Evidence,* Admissions.

In an action by a woman against a railroad company for injuries from a collision, where the defendant's liability was admitted and the only questions related to the damages to be recovered, it appeared, that the plaintiff by reason of her injuries from the collision became subject to attacks of dizziness, that she climbed into a pantry sink by means of a chair, to look at a leak in a water pipe above, and while standing in the sink had an attack of dizziness, fell to the floor and broke her wrist.  She was allowed to testify to these facts, but the presiding judge excluded evidence of pain and inconvenience suffered from the broken wrist and instructed the jury not to consider the consequences of the broken wrist.  *Held,* that the exclusion and the ruling were right, as the breaking of the wrist was not due to the railroad collision but to the plaintiff's voluntary and independent act in climbing into the sink to look at the water pipe.

In an action of tort for personal injuries, a letter of the plaintiff to the defendant stating the claim and the amount demanded, which does not contain an offer of compromise, is admissible in behalf of the defendant as bearing upon the genuineness and extent of the plaintiff's alleged injuries.

MORTON, J.    These are two actions of tort which were tried together.    The first is for injuries received by the female plaintiff in a collision on the defendant's railroad on December 16, 1899, while a passenger, and the second is by the husband for

expenses and loss of consortium. The liability was admitted and the only question in each case was the amount of the damages. The verdicts were unsatisfactory to the plaintiffs, and the cases are here on their exceptions to certain rulings and instructions and to the admission of certain testimony.

There was testimony tending to show that as the result of the injuries received the female plaintiff became subject to attacks of dizziness which continued at intervals from the time of her injury down to the time of the trial, which occurred in May, 1903, and there was testimony tending to show that on one occasion when alone in her home several months before the trial she got into a pantry sink by means of a chair to see about a leak in the water pipe above the sink, and while standing in the sink had an attack of dizziness, and fell to the floor and broke her wrist. She offered to show the pain and other inconveniences which she suffered from the broken wrist, but the judge excluded the evidence, and instructed the jury not to consider the consequences of the broken wrist, as they were too remote and the defendant was not responsible. The plaintiff excepted to these rulings and instructions and this constitutes the first exception.

The case of *Raymond* v. *Haverhill*, 168 Mass. 382, would be decisive on this point except for the fact that it was a highway case. It was held in that case that the plaintiff whose right ankle had been injured by a defect in a sidewalk in the defendant city so that it became weak and was liable at times to turn and fail to support her could not recover for injuries received by her in consequence of a fall due to the failure of the ankle to support her as she was stepping from a chair to a settee while assisting in preparing for an entertainment in a public hall. It was held that the injuries so received were not the direct and immediate results of the injury received in consequence of the defect in the public way, but were due to a new and independent cause. It is true that cities and towns are not liable for consequential injuries resulting from defects in the public ways. *Nestor* v. *Fall River*, 183 Mass. 265. But there was a strong intimation in *Raymond* v. *Haverhill*, *ubi supra*, that, if the action had been for negligence at common law, the later injuries could not have been considered as the natural and proximate

result of the injury received in consequence of the defect in the sidewalk. And if in that case what took place was regarded as constituting a new and intervening cause, as it was, we do not see how what took place in the present case can be otherwise regarded. The breaking of the wrist certainly was not the direct result of the collision. That caused or may have caused conditions which contributed to it, and but for whose existence it perhaps would not have happened. The breaking of the wrist was due not to the collision but to her conduct in getting up into the pantry sink to look at the leak in the water pipe, and was the result of voluntary and independent action on her part. The plaintiff relies amongst other cases on *Brown* v. *Chicago, Milwaukee & St. Paul Railway,* 54 Wis. 342. But this court expressly declined to follow that case in *Raymond* v. *Haverhill, ubi supra.* We think that this exception also must be overruled.

The remaining exception relates to the admission of two communications sent by the plaintiff to the defendant. The plaintiff objected to their admission on the ground that they related to a compromise of the plaintiff's claim. The letters cannot be regarded as offers of compromise. They were a statement of the plaintiff's claim and of the amount which she demanded, and were admissible as bearing upon the genuineness and extent of her injuries. See *Snow* v. *Batchelder,* 8 Cush. 513; *Harrington* v. *Lincoln,* 4 Gray, 563.

*Exceptions overruled.*

*J. E. Cotter,* (*T. F. McAnarney* with him,) for the plaintiffs.
*C. F. Choate, Jr.,* for the defendant.