# Wineberg *v.* DuBois Borough, Appellant.

*Negligence—Boroughs—Sidewalk—Damages—Proximate and remote cause.*

In an action by a woman against a borough to recover damages for injuries to her leg caused by a fall on a defective sidewalk, it is error for the court to submit to the consideration of the jury as an element of damages the results of a second fall, which occurred in plaintiff's own house months after the first accident, and which, she testified, was caused by her well foot slipping and the inability of the other leg to support her and save her from falling.

Argued April 18, 1904. Appeal, No. 13, Jan. T., 1904, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1902, No. 379, on verdict for plaintiff, in case of Sarah Wineberg v. DuBois Borough. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before GORDON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,750. Defendant appealed.

*Error assigned* amongst others was portion of charge quoted in the opinion of the Supreme Court.

*W. C. Pentz*, for appellant.—The first fall was not the proximate cause of the second: Scott v. Allegheny Valley Ry. Co., 172 Pa. 646 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390; Habecker v. Lancaster Twp., 9 Pa. Superior Ct. 553 ; McGrew v. Stone, 53 Pa. 436 ; Chartiers Twp. v. Phillips, 122 Pa. 601; Herr v. Lebanon, 149 Pa. 222; Schaeffer v. Jackson Twp., 150 Pa. 145; Wood v. Penna. R. R. Co., 177 Pa. 306; Hunter v. Wanamaker, 2 Atl. Repr. 507.

*A. L. Cole*, with him *F. Blake Kuntz*, for appellee.

OPINION BY MR. JUSTICE POTTER, June 15, 1904 :

The plaintiff while walking along the board walk upon a public street of the borough of DuBois, on a dark rainy evening, fell from the walk upon the side next the property line, and sprained her knee. The walk was substantially built of planks but on the side from which the plaintiff fell it was about thirty inches from the level of the ground and was not protected by a guard rail. Plaintiff admitted having been over the walk at intervals of from two to three weeks for a year before the accident, but stated that her attention had never been particularly attracted to the height of the walk. There was some evidence to the effect that her eyesight was defective but this was contradicted. There was also evidence that there was a sidewalk on the other side of the street but plaintiff testified that she did not know it. Defendants attempted to show that plaintiff took a light in a house near by as a guide, and was therefore guilty of contributory negligence inasmuch as the house was quite a distance back from the sidewalk. The testimony does not seem to warrant this assumption, but indicates rather that plaintiff used the light as a guide to keep her on the walk and did not go directly toward it but to one side of it.

Plaintiff was confined to her bed for six weeks or more and was not able to move about until July. After that she was able to walk on crutches until September. After September she was able to get along with a cane, and by supporting herself by leaning on objects in the room. Her knee was stiff and still pained her. On February 23, 1903, she had a second fall which she says was caused by her well foot slipping and by reason of her other leg being stiff she could not save herself from falling, and as a result, she received additional injury to the limb which had been hurt before. She testified on cross-examination that she did not use a cane at that time when walking about in the house. After the second accident, plaintiff's condition was worse; she suffered very much and had to go to bed again. She has never been able to walk without crutches since that time. The doctor testified that the fall made the condition of the leg worse in that it inflamed it but that it made it better by limbering up the stiff joint.

The court below submitted the question to the jury whether the negligence of the borough was the proximate cause of the second accident, in the following language: " There is still another question involved in this case and that is, what effect the second accident which happened to this woman had upon her claim. And upon that we say to you, that all persons in life are required to exercise due and proper care in all their relations of life, and this woman after she was injured by the fall on the pavement was required to exercise due care, not only in performing her household duties but on the streets and every place else and if she failed to exercise due care in walking around and as a result of her negligence she was injured a second time she could not recover for the second injury. . . . At the same time I understand the plaintiffs were claiming that the second accident was the result of the first one, and I was just coming to that branch of the case. That if a person is injured and crippled, and as a result of that it is impossible with safety to walk through the house or about the streets, and if in walking about and exercising due care a second accident results, why that results from the first accident, because if it had not been for the first accident the second wouldn't have occurred. . . . As I said before, the question arises whether the second accident was the result of negligence or not. If it was

not, of course the borough would not be liable the same as for the first."

This instruction was too broad. It made the borough liable for the result of the second fall, even though it were purely accidental. The second accident did not occur upon the streets of the borough, but in the house of the plaintiff. It was not caused by the injured leg, but by the slipping of the sound foot. It does not seem that counsel for the plaintiff intended to charge the defendant with the results of this second fall, for they expressly disclaimed any intention of claiming damages upon that account, when the testimony was offered, and said that they only sought to use it as accounting for the condition of the plaintiff. Yet the court in the charge called the attention of the jury to the pain and suffering resulting from the second accident. We think it is clear from the evidence that the first injury was not in any way the proximate cause of the second accident, and that the jury should have been instructed not to include its results in awarding damages for the negligence of the defendant in causing the first injury to the plaintiff.

The question of whether or not the plaintiff was guilty of contributory negligence in not taking proper care of herself at the time she suffered the second fall does not arise in this case. The mistake of the trial judge was in holding that there was any relation of cause and effect between the two accidents. We see none, under the testimony.

The seventh assignment of error is sustained, and the judgment is reversed, with a venire facias de novo.