JEREMIAH J. HARTNETT *vs.* CHARLES E. TRIPP.

Middlesex.  October 18, November 11, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Contributory, Motor vehicle, Violation of statute.  *Damages,* In tort.  *Proximate Cause.*

A policeman, who was travelling on a street railway car that was running on a single track, looking for a team that was being driven on the highway without a light in violation of St. 1916, c. 30, when the car was on a switch or turnout and near the end of it, saw the wagon he was looking for coming toward him and told the motorman to stop the car.  The car was stopped and the policeman stepped off backward and closed the door.  Before he stepped off he looked both up and down the street and saw nothing coming, then stepped down off the car and told the motorman to go ahead, and, before the car started he was struck and knocked down by a motor car from which he heard no signal. He was standing as close as he could to the car from which he had alighted and had been on the ground only from four to ten seconds when he was hit. In an action against the owner and driver of the car for his injuries thus sustained, in which the negligence of the plaintiff was set up as a defence, it was *held* that it could not have been ruled as matter of law that the plaintiff was negligent.

In the case above referred to it could have been found that the defendant saw or ought to have seen the car stop for the plaintiff to alight from it and that reasonable care required him to have his motor car under such control that he could have stopped it in time to avoid the accident.  There was evidence that he ran his motor car within two feet of the street railway car when there was ample space in the highway to have passed without hitting the plaintiff. *Held,* that the jury might find that the defendant violated the part of St. 1909, c. 534, which provides that "In approaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down and if it be necessary for the safety of the public he shall bring said vehicle to a full stop," and that, if the defendant violated this statute, it was evidence of his negligence.

In an action for personal injuries caused by the negligence of the defendant in knocking down the plaintiff with a motor car, it appeared that the femur of the plaintiff's right leg was broken by his fall, and that after remaining in bed at a hospital for about nine weeks he was able to get up by the use of crutches and to sit in a wheel chair.  There was evidence that when he was attempting to get out of the chair one of his crutches slipped and he fell back into the

chair, breaking the same bone at the place of the original fracture. The defendant excepted to the evidence relating to this second fracture. *Held,* that the evidence was admitted properly, as the jury could find that the second fracture was a natural and proximate result of the first injury.

TORT for personal injuries sustained by the plaintiff, a police officer of the city of Medford, on August 7, 1914, from being knocked down on Winthrop Street in Medford by a motor car operated negligently by the defendant. Writ dated August 17, 1915.

The answer, besides a general denial, contained an allegation of contributory negligence of the plaintiff.

In the Superior Court the case was tried before *Quinn,* J. The evidence is described in the opinion. Before the introduction of the evidence concerning the second breaking of the plaintiff's leg, mentioned in the opinion, the defendant seasonably objected to any evidence being introduced regarding the second breaking and its consequences. The judge admitted the evidence subject to the defendant's exceptions.

At the close of the evidence the defendant made a motion asking the judge to order a verdict for him. The judge denied the motion. The defendant then asked the judge to make certain rulings, which are held by this court to have been covered by the judge's charge so far as they properly could have been given. The jury returned a verdict for the plaintiff in the sum of $7,000; and the defendant alleged exceptions.

*W. B. Sprout, F. B. Kendall & C. Brewer,* for the defendant, submitted a brief.

*J. J. Donahue,* for the plaintiff.

CROSBY, J. The plaintiff, a police officer of Medford, on the evening of August 7, 1914, boarded an electric car in that city and stood upon the front platform. He was looking for a team that was being driven along the highway without a light attached to it (St. 1916, c. 30), and testified that he so stated to the motorman. He further testified that while he was on the car it stopped at a switch to enable the conductor to get off and adjust a signal; that it started again, and when near the end of the switch he saw the wagon coming toward him and told the motorman to stop the car; that the car was stopped and he stepped off backward and closed the door; that before he stepped off he

"looked in both directions up and down the street and saw nothing coming . . . then . . . [he] stepped down off the car and told the motorman to go ahead;" that the car did not start from the time he stepped upon the ground until he was struck from behind by the automobile; that he had been on the ground from four to ten seconds before he was hit; that at that time he was standing as close to the car as he could get; and that he heard no signal from the automobile. Upon this evidence it could not have been ruled that the plaintiff was not in the exercise of due care.

It is equally plain 'that there was evidence of negligence on the part of the defendant. It could have been found that he saw or ought to have seen the car come to a stop when the plaintiff alighted, and that reasonable care required him to have had his machine under such control that he could have stopped it in time to have avoided the accident. There was evidence that he ran the automobile within two feet of the car, although it could have been found that there was ample space in the highway for him to have passed it and thereby avoided hitting the plaintiff. If the jury were satisfied upon the evidence that the car stopped to allow the plaintiff to alight, and the defendant knew it, or in the exercise of reasonable care ought to have known it, there was evidence that he violated that part of § 14 of St. 1909, c. 534, which provides that "In approaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down and if it be necessary for the safety of the public he shall bring said vehicle to a full stop." If the defendant violated this provision of the statute, it was evidence of negligence.

As a result of the accident the plaintiff received a fracture of the femur of his right leg, and was taken to a hospital where he remained in bed for about nine weeks; at the end of that time he was able to get up by the use of crutches and sit in a wheel chair. There was evidence that in getting out of the chair one of his crutches slipped and he fell back into the chair, breaking his leg at the place of the original fracture. The evidence relating to this second fracture was admitted by the presiding judge upon the question of damages, subject to the exception of the defendant. It is plain that the evidence was admitted properly.

While a wrongdoer cannot be charged with liability for the result of a separate, independent and intervening act for which he is in no way responsible, he is liable for the direct and proximate result of the first injury. The second injury, caused by the slipping of the plaintiff's crutch, could have been found to have had a causal relation to the original injury for which the defendant would be liable. It does not appear that the plaintiff acted carelessly or improperly; he had so far recovered from his first injury that he was permitted to use crutches, although still being treated at the hospital. In attempting to get out of the chair with the aid of his crutches, he was performing a natural and necessary act, which it could not be ruled was negligent or so distinct from his original injury as to be a separate and independent act. The presiding judge clearly and accurately instructed the jury that the plaintiff could not recover for the second fracture as an element of damages unless they were satisfied that it was a natural and proximate result of the original injury. *Walker* v. *Gage,* 223 Mass. 179. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143. *Larson* v. *Boston Elevated Railway,* 212 Mass. 262. *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602. *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211.

The case at bar is plainly distinguishable from *Raymond* v. *Haverhill,* 168 Mass. 382, *Daniels* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 393, *Snow* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 321, and similar cases cited and relied on by the defendant.

An examination of the requests for rulings made by the defendant shows that they were covered by the charge so far as they properly could have been given.

As we perceive no error in the conduct of the trial, the entry must be

*Exceptions overruled.*