ALICE L. WILDER *vs.* GENERAL MOTORCYCLE SALES COMPANY.
GEORGE WILDER *vs.* SAME.

Plymouth.    January 14, 1919. — February 28, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Damages,* In tort.  *Motor Vehicle.  Proximate Cause.  Evidence,* Competency. *Practice, Civil,* Exceptions.

In an action for personal injuries sustained by the plaintiff, a girl ten years of age, by reason of being knocked down on a highway by a motorcycle ridden by an

employee of the defendant, the defendant admitted liability and the case was tried on the question of damages only. It appeared that by the fall of the plaintiff when knocked down two bones of the plaintiff were broken, one of her teeth was broken off, another was fractured and two others were cracked. The extent of the injuries to the plaintiff's teeth was in controversy. Subject to the defendant's exception the presiding judge permitted a witness for the plaintiff to testify that the speed of the motorcycle at the time it struck the plaintiff was approximately thirty miles an hour. This testimony was offered solely for the purpose of showing "the amount of force applied to her body." *Held,* that the evidence was admissible, as the severity of the impact was a material fact proper for the consideration of the jury.

In the same case it appeared that there was a compound fracture of the lower third of the tibia of the plaintiff's left leg. There was evidence that about a month after the accident the leg became septic and discharged pus at the seat of the break and that this continued about three months longer and that then the plaintiff's condition improved rapidly and in another month she was allowed to go to school, that about six weeks later as she was "starting to come down stairs in her own home, and had stepped from one stair to another with her left foot . . . her left leg 'crumpled' or gave way under her and it was found that the leg had again been broken at or near the site of the first break." There also was expert testimony to show that the second break occurred at the exact place of the first fracture. The jury found in answer to a special question put to them by the presiding judge that the second break was "the result of the accident without the intervention of any negligence on her part or any independent cause." *Held,* that the finding of the jury in answer to the special question was not unwarranted, and that, whether the second injury was the result of a separate and independent cause, was a question of fact which had been determined by the jury.

It is not open to an excepting party to contend that certain testimony was incompetent and should have been excluded if he did not except to its admission at the trial.

Two ACTIONS OF TORT, the first for personal injuries sustained on August 8, 1916, when the plaintiff, a girl about ten years of age, was alighting from a street railway car on North Main Street in Brockton and was knocked down by a motorcycle ridden by an employee of the defendant acting within the scope of his employment, and the second by the father of the plaintiff in the first case for consequential damages. Writs dated July 16, 1917.

In the Superior Court the cases were tried together before *Chase,* J. "The defendant admitted liability and filed an answer to that effect, and the case proceeded on the question of damages only." The material evidence and also an exception to the admission of certain evidence are described in the opinion. At the close of all the evidence, the defendant asked the judge to rule as follows:

"The plaintiff is not entitled to recover for any injuries resulting from her fall on March 5, 1917."

The judge refused to make this ruling and the defendant excepted.

Under instructions to which no exceptions were taken the judge submitted to the jury the following questions:

"1. Was the second breaking of the plaintiff's leg the result of the accident without the intervention of any negligence on her part, or any independent cause?" The jury answered, "Yes."

"2. If your answer to the preceding question is in the affirmative, what sum have you allowed in your verdict as damages for the second breaking of the leg?" The jury answered, "$500."

The jury returned a verdict for the plaintiff in the first case in the sum of $6,050, and a verdict for the plaintiff in the second case in the sum of $480. The defendant alleged exceptions.

The cases were submitted on briefs.

*H. S. Avery,* for the defendant.

*H. F. Hurlburt, B. B. Jones & D. E. Hall,* for the plaintiffs.

CROSBY, J. The first action is to recover for personal injuries received by the plaintiff by being struck and knocked down by a motorcycle operated by an employee of the defendant acting within the scope of his employment. The second action is for consequential damages. The defendant admitted liability and the case was tried on the question of damages only. The plaintiff in the first action will hereafter be referred to as the plaintiff.

There was evidence to show that the plaintiff's injuries consisted of a compound fracture of the lower third of the tibia of the left leg, a fracture of the right collar bone, an extensive abrasion over the right forehead, the breaking of one front upper tooth, the cracking of the left incisor, a fracture of the second bicuspid, a crack of the upper tooth next the one broken off, and nervous shock.

1. A witness called by the plaintiff was permitted to testify, subject to the exception of the defendant, that the speed of the motorcycle at the time it struck the plaintiff was approximately thirty miles an hour. This testimony was offered solely for the purpose of showing "the amount of force applied to her body," and counsel so stated. While the only issue was that of damages and the defendant admitted that the plaintiff was injured by the

collision, the extent of such injuries was not admitted but was in controversy, at least so far as the plaintiff sustained injuries to her teeth. The jury might reasonably have believed that the injuries to her teeth would have been likely to be much more severe if the motorcycle was running at a rate of speed of thirty miles an hour than if it was proceeding slowly. In the opinion of the majority of the court the severity of the impact was a material fact proper for the consideration of the jury. *Godfrey* v. *Old Colony Street Railway*, 223 Mass. 419.

2. The evidence that the plaintiff suffered a second fracture of the bone of her leg at the same point as the original fracture was properly admitted. There was evidence that about a month after the first break the leg became septic and discharged pus at the seat of the break which continued until the following December, when her condition rapidly improved and she was able to go to school in January, 1917, although her leg was still weak; that on March 5, 1917, as she was "starting to come down stairs in her own home, and had stepped from one stair to another with her left foot . . . her left leg 'crumpled' or gave way under her and it was found that the leg had again been broken at or near the site of the first break." There also was medical testimony to show that the second break occurred at the exact place of the first fracture; and the jury found in answer to a special question that the second break was "the result of the accident without the intervention of any negligence on her part or any independent cause." We are of opinion that this finding was not unwarranted. It could have been found that the second injury was received while the bone was weak and had not recovered its normal strength owing to the septic condition which developed after the original fracture; and from this the jury also could have found that the second fracture was a natural and proximate result of the first injury. The act of the plaintiff in attempting to walk down stairs was not negligent as matter of law. Whether the second injury was the result of a separate and independent cause was a question of fact. Upon this issue the instructions of the presiding judge were sufficiently favorable to the defendant. The case is governed by the decision in *Hartnett* v. *Tripp*, 231 Mass. 382, recently decided by this court, and the cases therein cited.

3. A dentist called by the plaintiff testified on direct examination

that "in thirty years she would have to have false teeth, owing to loss of structure." The defendant contends that this testimony was incompetent and should have been excluded. We need not decide this question as the record shows that no exception was taken to its admission.

The entry must be

*Exceptions overruled.*