## AULT *v.* KUIPER.

1. AUTOMOBILES — THROUGH HIGHWAY — STOPPING — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

> In action arising from collision between automobile driven by plaintiff's husband on a State trunkline highway and defendants' car which came upon it from a crossroad without stopping or slowing down to 10 miles per hour before entering such highway, defendants *held*, clearly guilty of negligence and question of contributory negligence attributable to plaintiff fairly presented to jury under instructions of the court (1 Comp. Laws 1929, § 4713e).

2. DAMAGES—AGGRAVATION—PROXIMATE CAUSE.

> While a wrongdoer is liable for the direct and proximate result of his wrongful act where party who, by reason of such negligence, sustains an injury which is afterwards aggravated and recovery retarded through no fault of injured party and if second injury is conceived to be a sequence or natural result likely to flow from the original injury, the wrongdoer is liable for the entire damage sustained; but if the second injury is considered attributable to a distinct intervening cause, the wrongdoer is liable only for the original injury.

3. SAME—AUTOMOBILES—NEW INJURY TO OTHER PARTS OF ANATOMY—INTERVENING CAUSE.

> Plaintiff who sprained right ankle in automobile collision, remained in hospital for 11 days, returned home and about four months thereafter fell downstairs when injured ankle turned over and she received fractures of both bones in lower left leg *held*, entitled to recover from negligent motorist damages for first accident only, since second injury was a new injury to another part of the anatomy and resulted from voluntary conduct on part of plaintiff, a new and intervening cause, and not the natural and expected result of the first injury.

---

* Continued from Vol. 278.

4. SAME—SUBSEQUENT INJURY—SPECIAL QUESTIONS.

    Submission of matter of damages in automobile accident case by way of two special questions permitting jury to assess damages for two separate injuries, if they found defendant liable at all for either, *held*, not prejudicial where one injury was sustained subsequent to the accident.

Appeal from Superior Court of Grand Rapids; Taylor · (Thaddeus B.), J. Submitted October 14, 1936. (Docket No. 87, Calendar No. 39,127.) Decided March 1, 1937. Rehearing as to taxation of costs denied April 27, 1937.

Case by Lottie Ault against Bert Kuiper and Clarence B. Kuiper for injuries sustained in an automobile collision at a highway intersection. Verdict and judgment for plaintiff. Defendants appeal. Remanded with directions to enter judgment in a lesser amount.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Harry E. Rodgers,* for defendants.

SHARPE, J. This is an action to recover for personal injuries growing out of an automobile collision occurring July 19, 1935. The collision occurred in Ottawa county at the intersection of trunkline highway US–31, a paved highway 20 feet in width and running north and south, and an east and west road. The car in which plaintiff was riding was traveling south on US–31 about 7:30 or 7:45 p. m., and at a speed of from 40 to 42 miles per hour. At or about this time, defendants' driver was approaching this highway from the west; did not stop his car nor slow down to a speed of 10 miles per hour, and a collision between the two cars resulted. Plaintiff was severely injured in and about the head and sustained a sprained left ankle. She was taken to a hospital, remained there about 11 days and then went home in her husband's car, being able to walk

from the hospital to the car. After arriving home, plaintiff remained in bed for two or three weeks and when she started to get up she was able to walk by being careful, although the ankle would turn over and throw her upon occasions.

On December 3, 1935, plaintiff got up from her bed in an upstairs bedroom about 7:30 a. m., and started to go downstairs. She had taken about two steps and while holding on to the banister with her left hand, her injured foot turned over and threw her downstairs resulting in a fracture of both bones of the lower part of the right leg.

Plaintiff brought suit to recover damages for the injury of July 19th as well as the injury of December 3d. The jury returned a verdict for plaintiff assessing damages for the injury sustained July 19th at $1,252 and for injuries sustained December 3d at $1,500, upon which verdict judgment in the sum of $2,752 was entered.

Defendants appeal and contend that the court was in error in instructing the jury in substance that it was the duty of the defendant Clarence Kuiper in approaching the trunkline highway to stop before crossing that highway and that plaintiff's husband had a right to assume that vehicles approaching this trunkline highway from a crossroad would be brought to a full and complete stop before attempting to cross it; that the trial judge was in error in submitting to the jury the question of whether or not the injuries sustained by plaintiff in her fall of December 3d were a proximate result of the injuries sustained in the accident of July 19, 1935; and that the court was in error in submitting to the jury the following special questions:

"1. If you return a verdict for the plaintiff in this case, at what amount do you assess plaintiff's

damages for the injuries sustained as a result of the accident on July 19, 1935, exclusive of any injuries received on December 3, 1935? (State amount.) $————.

"2. If you find the plaintiff is entitled to recover, at what amount, if any, do you assess her damages for the injuries sustained by her as the result of the fall on December 3, 1935? (State amount.) $————.''

Defendants contend that the court was in error in instructing the jury that it was the duty of the defendant Clarence Kuiper in approaching the trunkline highway to stop before crossing said highway; and that plaintiff's husband had a right to assume that vehicles approaching the trunkline highway from a crossroad would be brought to a full and complete stop before attempting to cross it.

The facts in this cause strongly indicate that defendant upon approaching the highway failed to bring his car to a stop or slow it down to a speed of 10 miles per hour.

"All vehicles approaching the intersection of a State trunkline highway, outside of any city or village having local regulations, shall come to a full stop whenever a vehicle is approaching the intersecting highway and shall reduce speed to a maximum of ten miles per hour at all other times before entering or crossing such highway." 1 Comp. Laws 1929, § 4713, subd. e.

As defendant approached the preferred highway he was traveling in excess of 25 miles per hour; had failed to see or heed the stop sign that was located just west of the preferred highway; and drove into the highway without knowing that he was approaching a main highway. Under such circumstances, the defendant was clearly guilty of negligence in approaching and driving upon the preferred highway.

The question of whether or not plaintiff was free from such negligence as contributed to the accident was fairly presented to the jury under the instructions of the court.

In considering the second error claimed by appellants we have in mind that the injury of July 19, 1935, was a sprained left ankle while the injury of December 3, 1935, was a fracture of the bones of the right leg; and that the latter injury was sustained in plaintiff's home while she was about her own personal affairs and not sustained while she was in a hospital or other institution, or in the course of treatment for her original injury, or while being transported because of her original injury, nor did the later injury occur when plaintiff was performing any act recommended by a physician.

The general rule on the subject of liability for aggravation of the original injury is well stated in 9 A. L. R. 255:

"The rule that a wrongdoer is liable only for the direct and proximate result of his wrongful act, and cannot be charged with liability for the result of a separate, independent, and intervening act, for which he is in no way responsible, has been applied in a number of cases to the situation existing where a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded, by some accident not resulting from the failure of the injured person to use ordinary care. Under such circumstances, if the accidental or second injury is conceived to be a sequence or natural result likely to flow from the original injury, the wrongdoer is held to be liable for the entire damage sustained; but, if the second injury is considered as attributable to a distinct intervening cause, the wrongdoer is held to be liable only for the original injury."

In *Stahl* v. *Railway Co.*, 211 Mich. 350, plaintiff was injured when alighting from an interurban car. She was carried to her sister's home, a physician was called and found no fractures. Plaintiff remained in bed for a few days and when partially recovered and while packing her suit case, it fell against her and she fell to the floor striking the injured hip and fracturing the femur. The court said:

"If the suit case injury was the result of the injuries she received in the railway accident, and her own negligence did not contribute to it, she would be entitled to recover all of her damages against the defendant in this action. This rule is well stated in the recent case of *Smith* v. *Railway Co.*, 79 Wash. 448 (140 Pac. 685), where it is said:

" 'If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded through some accident not the result of want of ordinary care on the part of the injured person, he may recover for the entire injury sustained, as the law regards the probability of such aggravation as a consequent and natural result likely to follow from the original injury.'

"This rule is supported by the following Michigan cases: *Reed* v. *City of Detroit*, 108 Mich. 224; *Moore* v. *City of Kalamazoo*, 109 Mich. 176; *Zibbell* v. *City of Grand Rapids*, 129 Mich. 659; *Beauchamp* v. *Saginaw Mining Co.*, 50 Mich. 163 (45 Am. Rep. 30)."

See, also, *Campbell* v. *Brown*, 276 Mich. 449, and cases cited therein.

In *Raymond* v. *City of Haverhill*, 168 Mass. 382 (47 N. E. 101), the court said:

"The damage received by the plaintiff for undertaking to step from the chair to the settee on October 9, 1894, when her right ankle failed to support her and she fell, is not a direct and immediate result

of the accident which happened on June 18, 1894. On October 9, 1894, she was not acting from any necessity caused by her previous injury, but acting independently and voluntarily, and as a result of her voluntary conduct she was again injured. A new and independent cause intervened between the original injury and the injury she received on October 9th. We do not mean to intimate that, if this were an action of tort for negligence at common law, and not under statutes, the injury, received on October 9th could be considered as the natural and proximate result of the injury received on June 18th. See *Scheffer* v. *Railroad Co.*, 105 U. S. 249; *Milwaukee & St. Paul R. Co.* v. *Kellogg*, 94 U. S. 469.

"The only decisions opposed to the view we have taken which have been shown us are *Wieting* v. *Town of Millston,* 77 Wis. 523 (46 N. W. 879), and *Brown* v. *Railway Co.,* 54 Wis. 342 (11 N. W. 356, 911, 41 Am. Rep. 41). It is possible to distinguish *Brown* v. *Railway Co.* *Wieting* v. *Town of Millston* clearly supports the instructions of the presiding justice in the present case, but we are not satisfied with that decision."

See, also, *Snow* v. *Railroad Co.*, 185 Mass. 321 (70 N. E. 205); *Wineburg* v. *DuBois Borough,* 209 Pa. 430 (58 Atl. 807).

Under the rule stated in 9 A. L. R. 255, courts have made a distinction between a new injury to some other portion of the anatomy and an aggravation of the original injury. In the latter case recovery has generally been permitted.

See *Hoseth* v. *Preston Mill Co.,* 49 Wash. 682 (96 Pac. 423); *Farnon* v. *Silver King Coalition Mines Co.,* 50 Utah, 295 (167 Pac. 675, 9 A. L. R. 248); *Postal Telegraph Cable Co.* v. *Hulsey,* 132 Ala. 444 (31 South. 527); *Conner* v. *City of Nevada,* 188 Mo. 148 (86 S. W. 256, 107 Am. St. Rep. 314); *Wieting* v.

*Town of Millston,* 77 Wis. 523 (46 N. W. 879); and *Wagner* v. *Mittendorf,* 232 N. Y. 481 (134 N. E. 539, 20 A. L. R. 520).

The record in the case at bar indicates that plaintiff remained in the hospital following the original injury as long as her condition warranted; she then went home and in her doings and movements there, she used her own judgment. After four months at home the second injury occurred. This second injury was the result of voluntary conduct on her part. It was a new and intervening cause and was not the natural and expected result of the first injury.

We think there was no error in submitting the two special questions to the jury. The jury was instructed that they could award damages under the first question for the injury of July 19th without reference to the subsequent accident. We fail to see how the defendant was prejudiced by the special questions.

The cause is referred to the lower court to enter a judgment for plaintiff for the damages sustained by reason of the injury of July 19, 1935. Defendant may recover costs.

FEAD, C. J., and NORTH, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J.

WIEST, J. concurred in the result.

TOY, J., took no part in this decision. POTTER, J., did not sit.