CATHERINE M. LITCHFIELD & another *vs.* MARGARET C. McCARTHY & another.

Plymouth. February 7, 1962. — March 1, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Proximate Cause.*

Evidence that a pedestrian was struck in the right buttock by an automobile and fell so that one or both of her knees struck the ground, that her great sciatic nerve was bruised, and that following the accident she had numbness in her right leg and difficulty in walking after sitting warranted a finding that a subsequent fall when her right foot went from under her and other similar falls while she was engaged in reasonable and normal movements and activities were due to leg trouble resulting from the original injury and were causally related to it.

TORT. Writ in the Second District Court of Plymouth dated August 5, 1957.

Upon removal to the Superior Court the action was tried before *Gourdin, J.*

*Robert W. Cornell,* for the defendants, submitted a brief.

*David H. Fulton,* for the plaintiffs.

KIRK, J. The injured plaintiff and her husband were awarded compensation for personal injuries and consequential damages respectively against the defendant operator and his wife, the owner of the motor vehicle involved. On September 18, 1956, the defendant operator while backing the motor vehicle on a public way negligently struck the right buttock of the female plaintiff, a pedestrian, causing her to fall so that one or both of her knees struck the ground.

Immediately upon getting up, the plaintiff's left knee hurt; her left leg trembled violently from the hip down; she had pain all over her body. Among other complaints following the accident she had "pain and numbness in the right leg when she would sit for any length of time, and no feeling in the right leg when she would try to get up after sitting. She had to adjust herself and stand for a minute or so and then try to walk." There was a diagnosis that her great sciatic nerve was bruised. The plaintiff received medical treatment. The described conditions have continued since the injury on September 18, 1956.

On October 23, 1956, on her way to work, while alighting from a crowded bus in which she had been seated, her right foot went from under her and she fell to the street sustaining serious injuries. She has had other similar falls.

Subject to the defendants' exception the judge declined to give the following instruction to the jury: "Under no circumstances are you to assess damages arising out of the October 23rd accident or out of any other fall in this case." The request could not be given. By its literal terms it would deny the jury the right to assess damages for any fall including the one which immediately followed the admittedly negligent operation on September 18, 1956. On the other hand, if, as was probably the fact, it was intended to withdraw from the consideration of the jury all falls other than the one which occurred on September 18, 1956, it likewise

could not properly be given.   If so intended, it was in effect a request for a ruling that as a matter of law there was no causal connection between the injury of September 18, 1956, and the other falls, with their attendant injuries, which followed.

Whether the fall of October 23, 1956, and subsequent falls were the natural and probable results of weakness in the legs caused by the original injury of September 18, 1956, and whether they occurred while the plaintiff was engaged in reasonable and normal movements and activities were questions of fact for the jury.   *Hartnett* v. *Tripp,* 231 Mass. 382, 385, and cases cited.   *Wilder* v. *General Motorcycle Sales Co.* 232 Mass. 305, 308.   *Wallace* v. *Ludwig,* 292 Mass. 251, 254–255.   *Whalen* v. *Boston,* 304 Mass. 126, 130.   Restatement: Torts, § 460.   Compare *Raymond* v. *Haverhill,* 168 Mass. 382; *Snow* v. *New York, N. H. & H. R.R.* 185 Mass. 321.   The jury were so instructed.

The other exception argued by the defendants is based on the contention that the judge's charge suggested a version of the case which the jury should adopt.   We have examined the charge and see no merit to this contention.

*Exceptions overruled.*