VANDER VELDE *v.* VILLAGE OF LEROY.

1. HIGHWAYS AND STREETS—DEFECTIVE SIDEWALK—PRIOR ACCI-ᐟ DENTS—EVIDENCE.
    Plaintiff, in an action for injury from a defective sidewalk, may not show that others had previously fallen off the walk at the place where plaintiff was injured; a barrier having been erected after they fell, and having been there when plaintiff was hurt.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Where the testimony of plaintiff, in an action for injuries from a defective sidewalk, shows that he was familiar with the walk and had used it almost daily, and that there was another street which he could have used, the question of his contributory negligence is for the jury.   .

3. DAMAGES—REMOTE AND PROXIMATE CONSEQUENCES.
    Where plaintiff, after being injured by a defective sidewalk, was again injured by the slipping of the crutch he was required to use, he cannot recover therefor as a proximate result of the first injury.

Error to Osceola; McAlvay, J.   Submitted April 11, 1905.   (Docket No. 51.)   Decided June 6, 1905.

Case by Leonard P. Vander Velde against the village of Leroy for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*D. E. McIntyre* and *C. H. Rose,* for appellant.

*Charles A. Withey (J. E. Richardson,* of counsel), for appellee.

MOORE, C. J. This is an action to recover for an injury alleged to have been sustained by the plaintiff on account of a defective sidewalk. He recovered a judgment of $150. The case is brought here by writ of error.

The first group of assignments of error relates to the admission of testimony that others had fallen off the walk, prior to the injury, at the place where the plaintiff was injured. Counsel say this testimony was admissible under *Smith* v. *Township of Sherwood,* 62 Mich. 159; *Lombar* v. *Village of East Tawas,* 86 Mich. 20; *Retan* v. *Railway Co.,* 94 Mich. 154; *Moore* v. *City of Kalamazoo,* 109 Mich. 178. We do not think so. The record discloses that, after the witnesses whose testimony was allowed had slipped on the walk, a barrier had been erected, and was there when the plaintiff was hurt. The testimony should not have been allowed.

The next group of errors relates to the claim that a verdict should have been directed in favor of defendant because it appears that plaintiff was injured because he slipped and fell on the walk, and not because of stepping on the edge of the walk and falling off because of the lack of a proper railing. The testimony upon this point was not so conclusive that the judge could dispose of it as a matter of law. See *Bernard* v. *Pittsburg Coal Co.,* 137 Mich. 279.

The next group of assignments of error requiring attention grows out of the charge of the court to the jury that the plaintiff was not guilty of contributory negligence. It is said, in support of the charge, that there is no evidence in the case that plaintiff was in any manner negli-

gent, or that he was not in the exercise of due care; counsel citing, in support of the charge of the court, *Baker* v. *City of Grand Rapids*, 111 Mich. 447, and *Vergin* v. *City of Saginaw*, 125 Mich. 502, and *Styles* v. *Village of Decatur*, 131 Mich. 448.   These cases hardly support the claim made for them, but, on the contrary, they hold that the question of contributory negligence in each of those cases was one for the jury.   In the case at bar the plaintiff's own testimony shows he was familiar with the walk and had used it almost daily, and also that there was another street over which he could have traveled in going to his home.   Under these circumstances, we think it should have been left to the jury to say whether plaintiff was in the exercise of ordinary care at the time of the injury.

A portion of the charge of the judge reads as follows:

"There is another feature in this case upon which the court feels it his duty to charge you.   The plaintiff admits the second injury, or another dislocation after the first injury.   His crutch slipped on the porch of his house, and his ankle was injured, and either wholly or partially dislocated.   The testimony of the physician is undisputed, and he told you that he must be careful of his foot and leg, and must give it rest.   This does not necessarily imply that he must stay in bed or in a chair, or stay at home, but does mean that he must be careful and reasonable in his conduct and in use of his injured limb; that he should conduct himself in relation to that member as a reasonable man would under like circumstances.   If he did that, and you are satisfied by preponderance of the proof that it was not carelessness on his part to go about with the aid of crutches, and to go from the house to the dray and back again, and that he was reasonably careful in that regard, why, notwithstanding the fact that he received the other hurt, I charge you that it would not prevent him from receiving full compensation for the entire disability and the expense attending him.   If, however, you find that the second injury was the result of his own carelessness, or from overzeal or anxiety to be about and attending to his business, and that he disregarded the instructions of his physician to be careful of the injured member and give it proper rest, then he is not entitled to any damage which arose to him on account of his second injury."

The second injury was clearly outside of the case declared upon. The jury should have been instructed that no damage should be allowed because of it.

Judgment is reversed, and new trial ordered.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.