# Gail v. Philadelphia, Appellant.

*Negligence—Amendment—Statement of claim—Practice, C. P.
—Statute of limitations—Waiver by laches—Exception—Appeal.*

1. An amendment to a statement of claim in a negligence case
will not be permitted where the alteration proposed is a matter of
substance, but, where there is no change in the cause of action, or
substitution of a new party, an amendment will be allowed.

2. In an action against a city for personal injuries resulting
from a fall in a hole in a street, the statement may be amended
after the running of the statute, by changing the street number of
the house, opposite to where the hole was alleged to be located.

3. Where such an amendment was allowed, without exception
taken at the time, and without subsequent motion to strike it off, the
defendant cannot at the trial raise the question of the propriety of
the amendment by objection to testimony offered under it.

*Negligence — Damages — Personal injuries — Loss of earning
power—Pain and suffering—Practice, C. P.—Excessive verdict—
New trial or reduction of verdict—Abuse of discretion.*

4. The remedy for excessive verdicts is by application to the trial
court, where plaintiff can be given an opportunity to either accept
a reduction or a new trial.

5. A judgment will be reversed on appeal on account of an ex-
orbitant verdict only where the impropriety of permitting it to
stand is so clear as to show an abuse of discretion on the part of the
court below in declining to set it aside.

6. The obligation to control the verdict is not limited to the
trial judge, but extends to the court in banc, where it is the duty
of all the judges sitting, not only to hear, but subsequently to meet
together, discuss and determine the matters presented before them,
and, where a majority feel convinced an exaggerated verdict has
been rendered, the amount should be reduced, or a new hearing
awarded, even though the trial judge disagrees.

7. Where a plaintiff earns $780 per year, and the breaking
of her leg, by reason of the negligence of a city, only partially di-
minishes her earning power, a verdict in her favor against the city
for $19,235 is excessive, and will be set aside by the Supreme Court
on appeal.

8. The allowance of monetary compensation for pain and suf-
fering is a question for the jury, but the action of the jury cannot

be upheld, where award for pain and suffering, on the verdict, is manifestly beyond reason.

9. Where elements of injury, other than those properly involved, are elaborated upon during the trial, it is the duty of the trial judge to instruct correctly as to the measure of damages, whether requested to do so or not.

*Practice, C. P.—Trial—Exceptions—Insufficient explanation to jury.*

10. When no exception is taken to the charge generally, a judgment on a verdict for plaintiff will not be set aside on the ground of insufficient explanation to the jury as to its duty in passing upon the amount of the damages.

Argued January 16, 1922. Appeal, No. 107, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 4448, on verdict for plaintiff, in case of Emma Gail v. City of Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $19,235. Defendant appealed.

*Errors assigned,* inter alia, were (1) allowance of amendment, quoting the record; (2) rulings on evidence offered under amended statement, quoting bill of exceptions, and (5) overruling motion for new trial, quoting record.

*Wm. M. Stewart, Jr.,* Assistant City Solicitor, with him *Edward A. Kelly,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.—The amendment was improper: Martin v. Ry., 227 Pa. 18; Mahoney v. Steel Co., 217 Pa. 20; Atherton v. Coal Co., 267 Pa. 425; Hurt v. Canneries Co., 263 Pa. 238; Mays v. Gas Co., 268 Pa. 325.

The verdict was excessive: Smith v. Pub. Co., 178 Pa. 481.

*Daniel G. Murphy* and *Isaac D. Levy*, for appellee.— The amendment was proper: Phillips v. Electric Co., 249 Pa. 445.

The verdict was not excessive: Quigley v. R. R., 210 Pa. 162; Edsberg v. Locomotive Works, 240 Pa. 614.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

Plaintiff, a woman of fifty-four, employed by different families to aid in ironing, washing and general house-work, left her home on December 4, 1917, and walked north on 24th Street, Philadelphia, intending to board a trolley car. The pavement was obstructed by boxes containing ashes, placed there by city employees, and it was necessary to enter the traveled highway to pass this point; in order to do so, plaintiff approached the curb, but, as she reached it, a receptacle was thrown from an ash cart, which obliged her to step aside to avoid being struck. Her foot entered a hole in the street, that had existed for a long time, and the result was a leg broken at the knee. An operation subsequently performed was successful in part, but there was a permanent loss of one-third of the action of the right knee-joint. This suit was brought to recover compensation for the loss thus sustained,—no other injury being relevant,—and a verdict for $19,235 was rendered, upon which judgment was entered; defendant has appealed.

Complaint is made of the allowance of an amendment to the original statement of claim locating the hole in the street, into which plaintiff fell, as opposite house No. 821, instead of 877 and 879, as first averred. To the original application for leave to amend, no answer was filed by defendant, nor was an exception taken to the permission given, or any request subsequently made to strike it off. At trial, the question was again raised by objection to testimony offered, but without success. It

is insisted, in both instances, that error was committed in allowing the change to be made after the running of the statute of limitations. Such course will not be permitted where the alteration proposed is a matter of substance; but there was no change in the cause of action here, or substitution of any new party, and the rule laid down, under similar circumstances, in Phillips v. Erie Co. Elec. Co., 249 Pa. 445, was properly applied by the court below. In any event, had the defendant desired to take advantage of the alleged error, it should have excepted to the original order made, allowing the amendment.

The only other matter requiring consideration challenges the correctness of the order refusing a new trial, which was asked because of the excessiveness of the verdict. Though the Act of May 20, 1891, P. L. 101, gives to this court, on appeal, the power to intervene in case of manifestly unjust awards by juries (Smith v. Times Pub. Co., 178 Pa. 481), yet it is a right which is most sparingly exercised. We have said repeatedly that a judgment will be reversed on appeal on account of an exorbitant verdict only where the impropriety of permitting it to stand is so clear as to show an abuse of discretion on the part of the court below in declining to set it aside: Scott v. American Express Co., 257 Pa. 25.

In the proper administration of the law, the remedy for excessive verdicts is by application to the trial court, where the plaintiff can be given an opportunity to either accept a reduction or a new trial. This power of supervision is not merely a privilege conferred, but an imperative duty imposed upon it. What was said in Holden v. P. R. R. Co., 169 Pa. 1, 17, may well be repeated here: "Where juries are so palpably regardless of their duty, and the sanctity of their oaths, that they permit their verdicts to be rendered in obedience to their prejudices or their sympathies, the trial court should deal with them in a firm and decisive manner and should reject their erroneous verdicts without the least hesitation or delay.

Otherwise, the administration of justice is brought into public contempt and dishonor." The obligation to control is not limited to the trial judge, but extends to the court in banc, where the motion for a new trial is argued. It is the duty of all the judges so sitting, not only to hear, but subsequently to meet together, discuss and determine the matters presented before them (Smith v. Times Pub. Co., supra, p. 502), and, where a majority feel convinced an exaggerated verdict has been rendered, the amount should be reduced by proper order (Ralston v. Phila. R. T. Co. (No. 2), 267 Pa. 278), or a new hearing awarded, even though the trial judge disagrees; otherwise, arguments before a court in banc are useless. Although it was stated at argument in the present case that the motion for a new trial was submitted to the entire court, yet, from the abuse of discretion which appears, we feel that no due consultation as to the amount of the verdict could have been had. This may have been due to the failure of attorneys for the city to advance its contention by oral argument, but the record shows the presentation of a brief, in support of the motion, to the court below.

The evidence disclosed by this record shows no justification for the award made. Plaintiff was employed at domestic work, in various homes, when needed, working six days a week, sometimes seven, and earning $2.50 a day, yet she receives, by this finding, for the partial loss of the use of a leg, $19,325. Her present earning capacity (which, even had no accident happened, would, in all human probability, gradually decrease and entirely disappear as she grows older), while impaired, is not destroyed by her injury; she can still perform part of her accustomed labor. By this verdict, however, plaintiff needs no earning capacity; she can live without working, for this sum, $19,325, invested at the legal rate of interest, will yield $1,150, as against $780, per year,— approximately $400 more than the compensation she could possibly have earned annually, according to the testimony, during the remainder of her life, had she suf-

fered no injury. Moreover, it leaves untouched at her death the entire principal sum. This is not fair to the city, nor to the public, which composes it.

When a municipality is negligent in the performance of its duties, and someone suffers thereby, it must make whole the injured party, not by handing over to the recipient an extravagant sum from the public treasury, but by giving just and reasonable compensation, judicially ascertained, and nothing more. Assuming the jury in this case found the loss of earning power to be permanent during an expectancy of eighteen years, which views the evidence in the most favorable light for plaintiff, it is plain an excessive allowance has been made. Under her own testimony, all plaintiff was entitled to recover, aside from pain and suffering, was for the decrease in her earning power due to the loss of one-third of the normal use of a leg. When it is kept in mind that the award can cover only such proportionate impairment of the ability to earn as a reasonable view of the proof shows to be due to the accident,—due allowance being made for the natural lessening of such power with the advance of years,—and consideration is given to the fact that the amount allowed must be reduced to its present worth, it is plain that the damage, when justly estimated, could represent but a minor portion of the present award.

The only other element for the consideration of the jury, and for which a monetary allowance could be made, was pain and suffering,—all medical attention having been furnished without cost to the plaintiff. Though the determination of this question is for the jury, its action cannot be upheld where the award therefor, in the verdict, is manifestly beyond reason, as in this case. While no rule can be laid down to guide the measurement of such claims, except that of due compensation, it is for the trial court to use the common-sense judgment which comes from experience in passing on these matters, and to see that exaggerated findings do not stand.

An explanation of the excessive verdict may be found in the fact that elements of injury, other than those properly involved, were elaborated upon during the trial, and the charge of the court did nothing to remove the impression thus conveyed.  Its duty is to instruct correctly as to the measure of damages, whether so requested or not: Gerber v. Philadelphia, 60 Pa. Superior Ct. 119.  In the present instance, however, no exception was taken to the charge generally, a necessary requirement (Sikorski v. P. & R. R. R. Co., 260 Pa. 243), and the judgment will not, therefore, be set aside on the ground of insufficient explanation to the jury of its duty; though, if the matter was properly presented, error would be clear in the failure to direct it to eliminate any consideration of loss arising from elements of alleged injury not involved in the proceeding: Wineberg v. DuBois Borough, 209 Pa. 430; Vander Velde v. Village of Leroy, 140 Mich. 359, 103 N. W. 812.  We call attention to this phase of the case in order that, on the next trial, a like mistake may be avoided.

The verdict now complained of is so clearly beyond reason as to justify the belief that the amount must have been reached as the result of some misconception of the law or the evidence, if not of partiality, prejudice or sympathy.  Whatever was the impelling motive, we are convinced that, under the circumstances disclosed, it is so out of proportion to the damages proven, as to make it necessary to set aside the verdict as excessive, and it will be so ordered.

The fifth assignment of error is sustained; all others are overruled or dismissed.  Matters complained of in a motion to quash this appeal were cured, through an amendment filed by leave of court; the motion is dismissed.

Judgment is reversed and a venire facias de novo awarded.