## GEORGE UPHAM'S (dependent's) CASE.

Suffolk.    March 7, 8, 1923. — May 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,*  To what injuries act applies.  *Proximate Cause.*

The Industrial Accident Board, upon a claim for compensation presented
by the widow of one, who had received on July 20 of a certain year an in-
jury which arose out of and in the course of his employment and which
caused or aggravated an arthritis of the spine, totally incapacitating him,
and who on February 14 following the injury died as the result of an opera-
tion for appendicitis performed on February 4, found that a contention of
the claimant, that the employee contracted appendicitis by reason of in-
direct results following the injury and particularly causing constipation
and general impairment of vitality which were directly due to the injury,
was not sustained; and also found that the surgeon attending the employee,
discovering appendicitis, performed the operation in order that his course
of treatment for the disability caused by the injury should not be inter-
rupted and nullified by a further attack of appendicitis together with dis-
comfort which would result and a possible necessity of an operation
because of such recurrence, and "that the consequences following and
attributable to this operation are for that reason also attributable to the
injury and that the injury is, therefore, a causal factor in bringing about
said results."  *Held,* that it properly could not be found that the injury
to the employee resulted in his death, the only rational conclusion being
that the death resulted from the operation for appendicitis, a new and in-
tervening agency; and that compensation as for death caused by the
injury should not be awarded.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of the decision, with
accompanying record, of the Industrial Accident Board,
awarding compensation to the widow of George Upham,
whose death on February 14, 1922, following an operation
for appendicitis, was found to have been " causally related "
to a " personal injury received by him on July 20, 1921,
which injury arose out of and in the course of his employ-
ment " by Waldorf System, Incorporated.

In the Superior Court the case was heard by *Sanderson*, J.,
by whose order there was entered a final decree awarding
compensation.    The insurer appealed.

*G. Gleason,* for the insurer.

*W. H. Wilson,* for the claimant.

CROSBY, J. This is a proceeding under the workmen's compensation act. The deceased employee, on July 20, 1921, fell from a step-ladder and received an injury to his back which arose out of and in the course of his employment. The injury caused or aggravated an arthritis of the spine which totally incapacitated him until February 14, 1922, when he died; during this period he was paid compensation by the insurer.

On February 4, 1922, he suffered from severe abdominal pains — diagnosed as appendicitis — and as a result of an operation performed therefor he died ten days later. The present claim for compensation filed by his widow describes his injury as " Severe blow and contusion of his back and head, from which he suffered great pain and experienced great disturbance and distention of bowels, resulting in appendicitis. Following an operation he died on February fourteenth, 1922."

The single member of the Industrial Accident Board found as follows: " The petitioner offered testimony in this case to the effect that the deceased contracted appendicitis by reason of indirect results following the injury and particularly causing constipation and general impairment of vitality, which, the petitioner contends, was directly due to the injury. Upon all the evidence, I am of the opinion and find that the petitioner's contention has not been sustained." This finding of fact was affirmed by the Industrial Accident Board on review and must stand as there was evidence to support it. *Pigeon's Case*, 216 Mass. 51. *Pass's Case*, 232 Mass. 515. *McCarthy's Case*, 231 Mass. 259.

In addition to the foregoing, the single member also found that Dr. Tighe undertook to treat the employee for his condition, and states: " As a part of this treatment, he planned to put the employee in a plaster cast. Before this stage of the treatment was reached, the employee developed symptoms which Dr. Tighe diagnosed, after investigation, as appendicitis. In order, as he testified, that the course of treatment for the disability should not be interrupted and nullified by a further attack of appendicitis, together with a discomfort which would result and a possible neces-

sity of an operation because of such recurrence, Dr. Tighe performed an operation for appendicitis. The employee died a few days later, his death being due to the complications following and causally connected with this operation. I find and rule upon this testimony that the operation, being a part of the treatment of the employee for the benefit of his condition which, in turn, was due to his injury, is so causally connected with the injury as to call for a finding and ruling that the consequences following and attributable to this operation are for that reason also attributable to the injury and that the injury is, therefore, a causal factor in bringing about said results. It follows from these rulings and findings that the petitioner's claim for compensation should be allowed." The above finding in substance was affirmed by the board on review.

It is not expressly found by the single member or by the board on review that death in fact resulted from the injury, the finding being that it was " a causal factor " resulting in death. If, from this finding, it may be inferred that death resulted from the injury, the question remains whether there is any evidence to support it. As was said in *Daniels* v. *New York, New Haven & Hartford Railroad*, 183 Mass. 393, at page 397: " We are thus brought to the consideration of the question which is often very difficult to decide, whether an essential condition precedent, is the active, efficient, proximate cause of a subsequent event, or is only a producer of conditions which open the door to another cause which directly and actively produces the result." In that case it was held that the death by suicide of a person who had received a personal injury in a collision was a remote consequence and not the active, efficient, and proximate result of the collision. In the case at bar it is found by the single member and by the board that appendicitis, the operation for which resulted in death, had no relation to the injury. Therefore, it not only appears that the injury was not the active, efficient, and proximate cause of death, but it did not even cause conditions which resulted in appendicitis.

As the appendicitis had no connection between the injury and the death, it could not properly be found that death

following the operation resulted from the injury. The appearance of appendicitis, necessitating an operation which resulted in death, constitutes a new and intervening cause wholly independent of and without any relation to the injury. As there was no causal connection between the injury and the death, the latter could not be found to have resulted from the former. The operation was an independent, intervening agency which broke the chain of causation. *Raymond* v. *Haverhill*, 168 Mass. 382. *Daniels* v. *New York, New Haven & Hartford Railroad, supra. Snow* v. *New York, New Haven & Hartford Railroad*, 185 Mass. 321. *Sponatski's Case*, 220 Mass. 526.

Where it is found as a fact that death results from an injury which arose out of and in the course of the employment, and there is any evidence to support that finding, compensation is payable under the act, although death was not the natural and probable consequence of the injury. *Sponatski's Case, supra. Dunham* v. *Clare*, [1902] 2 K. B. 292.

It properly cannot be found in the case at bar that the injury to the employee's back, due to the fall, resulted in his death. The active cause of death was the operation for appendicitis. There is no evidence that the condition of the employee's back made him less likely to survive the operation, if that fact is material, which we do not decide. The rule established in the Daniels case and affirmed in *Sponatski's Case* is decisive; under it the claimant is not entitled to compensation.

As the only rational conclusion from the evidence is that the death of the employee resulted from the operation for appendicitis, a new and intervening agency, it is obvious that death did not result from the injury. This conclusion is not at variance with the decision in *Burns's Case*, 218 Mass. 8, and cases cited.

Although the statute is to be liberally construed, still upon the evidence most favorable to the claimant payment of compensation is not warranted.

The decree must be reversed and a decree entered in favor of the insurer.

*So ordered.*