KATHRYNE C. WARD *vs.* GENERAL ICE CREAM CORPORATION.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 1st, 1934.

*Warren Maxwell,* for the appellant (defendant).

*Edward J. Daly,* with whom was *Cornelius D. Shea,* for the appellee (plaintiff).

MALTBIE, C. J. The defendant admitted liability and the only issues were as to the damages the plaintiff was entitled to recover. The case was first heard on May 26th, 1933; the trial court found that she had received substantial injuries, but believed that she was suffering from a "legal neurosis" which would disappear when the litigation was ended, and on June 2d, 1933, it directed judgment that she recover $2500 in addition to certain special damages it found proven. On the same day, on motion of the plaintiff, it opened the judgment. Thereafter, at a conference between the court and counsel, it appeared that the plaintiff had been compelled to return to the hospital, that further examination had indicated serious injuries to her lower back, but that it was not possible at the time to tell how far her condition might be improved by treatment. The court thereupon continued the matter for subsequent hearing. On October 23d, 1933, further evidence was taken, the trial court became convinced that the plaintiff was suffering from a "real neurosis," and as a result of the evidence produced at both hearings it awarded the plaintiff $10,000 in addition to the special damages it found proven.

The trial court has found the following facts: The plaintiff was a married woman forty-nine years old at the time of the hearing. She had been in good health and had done all the work of taking care of a large house in which she lived with her husband, two children, one being a boy of fourteen, and members of her husband's family. She suffered the injuries for which she seeks recovery on June 22d, 1932, in an automobile accident. She was in the hospital thereafter until the third of the next September, and until

June, 1933, she was confined to her bed or a chair, except as she could get about a little with assistance. In June, 1933, she again returned to the hospital and was there about five weeks. Her condition was then diagnosed as due to severe sprains to the ligamentous structure of the lower back. She used in the hospital, when in bed, a fracture board, and was still using it at the time of the second hearing in October, 1933. When not in bed, she had been compelled to wear a large brace to support her back. Both of these she would have to continue to use for some time after the hearing. She suffered a great limitation of motion in her back, arms and legs, which to a considerable extent still continued at the time of the second hearing, and during the rest of her life she will continue to suffer from stiffness and pains. At the time of the second hearing she was still seventy-five per cent disabled and while she would gradually improve, she would have a permanent disability of not less than twenty-five per cent. She had suffered from extreme nervousness, headaches and insomnia, but her neurotic condition had greatly improved at the time of the final hearing and would probably disappear in six months or a year. She had had severe pains in the back and arms and would continue to suffer pain in the future. The trial court also refers to her mental suffering which, in view of the nature of her injuries, the long treatment she has undergone and must undergo, the doubt as to the ultimate result and her condition in life, it no doubt considered of importance.

The record before us unmistakably shows that the trial court was assiduous in its efforts to reach a just and sound decision and gave most careful consideration to every element in the situation. Under such circumstances we would hesitate except for very clear reasons to overturn its conclusion upon a matter so

difficult to determine as the amount of damages justly to be awarded for personal injuries of the nature of those involved in this case. We certainly cannot say that the award was so excessive as to be one that the trial court could not reasonably reach. The argument of the defendant seems to assume that the increase in the amount of damages awarded at the second hearing was largely due to the conclusion of the trial court that it had been mistaken as to the nature of the neurotic condition of the plaintiff, but we do not find support for that view in the record. At the second hearing the trial court heard further medical testimony and, on that testimony, based upon the examination and treatment of the plaintiff on her second visit to the hospital, it no doubt obtained a much clearer picture of her injuries and the effect they had had upon her up to that time and would probably have in the future.

The defendant complains particularly of the allowance made to the plaintiff of $1000 "as the minimum cost" of the employment of housekeeping aid in the future. The basis of the objection is that no finding is made as to the length of time the plaintiff would require such aid. It had been necessary up to the time of the hearing in October, 1933, to have such aid in the household and in the sixteen months subsequent to the injury the cost had been over $500. The plaintiff was then seventy-five per cent disabled and while that disability would ultimately be reduced it probably would never be less than twenty-five per cent and might be very much more. It is clear that the trial court could not with any degree of certainty determine how long housekeeping aid would be necessary in the future. No question is made as to the propriety of an allowance for it and under these circumstances all the court could do was to apply its best judgment. "From the very nature of the situation,

the amount of loss cannot be proved with exactitude and all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate. . . . Mere difficulty in the assessment of damages is not a sufficient reason for refusing them where the right to them has been established." *Ball* v. *Pardy Construction Co.,* 108 Conn. 549, 551, 143 Atl. 855.

There is no error.

In this opinion the other judges concurred.