EMILY S. LARSEN, ADMINISTRATRIX (ESTATE OF WALTER LARSEN) ET AL. *vs.* EDGAR T. THOMAS.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 4th, 1934—decided January 3d, 1935.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*Lawrence A. Howard,* for the appellees (plaintiffs).

BANKS, J.  Walter Larsen, the intestate of the named plaintiff, was employed by The Connecticut Power Company, the other plaintiff, as the foreman of a truck crew which, on December 23d, 1932, was engaged in renewing a pole on Vauxhall Street in New London.  The truck, which was seven feet wide, was parked on the seven foot shoulder of the street with its right side within a few inches of trees marking the east curb line of the street.  Larsen was standing in the street, about a foot to the left of the truck and about a foot and a half to the rear of a ladder on it which projected about five feet beyond the rear of the truck, looking up at the pole near which it was parked and upon which a lineman was working.  The trial court has found that, while so standing, he was struck by a truck owned by the defendant and operated by his employee, receiving injuries which caused his death.

One of the claims made by the defendant upon the trial was that the plaintiff had failed to prove that the truck involved in the accident was one that belonged to the defendant. The defendant had a contract with the city of New London for the collection of ashes, and in making such collection used four trucks with bodies substantially alike.  The bodies were painted gray, were six feet high, eight feet wide and ten feet long,

and each had an opening three feet wide on the right side used in taking in barrels of ashes, a door on the left side which swung in, and double doors in the rear. The court viewed the truck which it was claimed was involved in the accident and found that it was of an unusual type with respect to these details, and one that would not be likely to be mistaken for any other. A witness who was in Vauxhall Street four or five hundred feet north of the spot where the Power Company's truck was parked saw plaintiff's intestate standing in the street near it, saw a gray truck answering the description of defendant's trucks, with the opening in the right side, proceeding south, swerve to the left, obscuring his view of plaintiff's intestate, and after the truck had passed saw plaintiff's intestate lying in the road. A former employee of the defendant who was familiar with the trucks owned by him, met a truck shortly after the accident, a short distance south of the scene of the accident and proceeding in a direction away from it. He identified this truck as one belonging to the defendant. A member of the crew of the Power Company's truck who was about ten feet from it with his back toward Larsen heard a thud and turning around saw him lying in the road. He and another member of the crew saw a truck answering the description of the defendant's truck going south when it was two or three hundred feet away though neither of them had seen it approach or strike Larsen. An employee of the defendant admitted that he was driving one of the latter's ash trucks south on Vauxhall Street at approximately the time of the accident, but testified that he did not recollect seeing the Power Company's truck, and saw no one in the road at the time of the accident. Upon these and other facts in the finding, some of which are attacked but are not subject to material correction, the court was

justified in finding that Larsen was struck by one of the defendant's trucks which was being operated by his employee within the scope of his employment. That the operator of defendant's truck was negligent in failing to see Larsen as he stood in the road appears not to be seriously questioned, and in any event was a conclusion which the trial court could reasonably reach from the subordinate facts found.

The plaintiff alleged in her complaint that her intestate was in the exercise of due care, and the defendant in his answer, affirmatively alleged contributory negligence. The court found it unnecessary to decide upon whom rested the burden of proof upon this issue, since it held that the plaintiff had sustained the burden of proof upon the assumption that it rested upon her. The Power Company's truck, which was seven feet wide, was standing upon the east shoulder of the road (which shoulder was itself seven feet wide) with its right side within a few inches of the curb line. Larsen was standing within a foot of it and a foot and a half to the rear of the ladder upon it. He stood in no danger of being struck by a vehicle coming from the north unless it was being driven very close to the extreme easterly side of the traveled portion of the highway. In such situation it might be found that he could reasonably have assumed that a vehicle approaching from the north would keep upon the west side of the traveled portion of the highway. *Barbieri* v. *Pandiscio,* 116 Conn. 48, 51, 163 Atl. 469. Standing as he was in the street, he was bound to exercise due care with reference to street traffic, but we cannot say that he was negligent as a matter of law in failing to see the approach of defendant's truck upon its left side of the street in time to have avoided being struck by it. The trial court's conclusion that he was not guilty

of contributory negligence was one which it could reasonably reach upon the facts found.

There is no error.

In this opinion the other judges concurred.