FREDERICK F. SQUIRES *v.* V. F. REYNOLDS ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued March 10—decided April 5, 1939.

*Martin E. Gormley* and *William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellants (defendants).

*Michael V. Blansfield* and *Harry M. Albert,* for the appellee (plaintiff).

JENNINGS, J. No useful purpose would be served by discussing in detail the many corrections which are sought in the finding. No change can be made which will affect the issue of liability. The Waterbury-Middlebury road is a two lane, concrete, trunk line highway twenty feet wide. The plaintiff was crossing on foot, at night, from north to south intending to enter Yale Avenue. He saw the headlights of the car driven by the named defendant, hereinafter referred to as the defendant, approaching from the west and waited in the north lane to allow it to pass in front of him. The defendant, in avoiding two other pedestrians who were about to step off the concrete about thirty feet west of the plaintiff, swerved his car to his left and struck the plaintiff where he stood in the north lane. On these facts as they are amplified in the finding the court was fully justified in finding both negligence on the part of the defendant and due care on the part of the plaintiff. *Barbieri* v. *Pandiscio,* 116

Conn. 48, 51, 163 Atl. 469; *Larsen* v. *Thomas*, 119 Conn. 335, 338, 176 Atl. 400; *Idell* v. *Day*, 273 Pa. St. 34, 37, 116 Atl. 506; Huddy, Automobile Law (9th Ed.) Vol. 5-6, § 79, p. 131.

The only ruling on evidence made ground of error related to the estimate of speed of the automobile made by an eyewitness. The objection went to the weight rather than to the admissibility of the evidence. Furthermore, the difference between the speed testified to by the defendant and that testified to by the witness in question was not, under the circumstances, a material factor affecting the conclusion. *Idell* v. *Day*, supra, 37.

The finding as corrected discloses the following facts as to the claims of damage: When the plaintiff saw that he was going to be hit, he turned and was struck on his left side. He spun around and fell in the south lane. He suffered a compound, comminuted multiple fracture (twenty-three pieces of bone were counted) of both bones of the left leg, causing serious and permanent damage to the bones, nerves and muscles, a severe scalp wound, an injury to the index finger of his left hand, a deep bruise of his right hip and other bruises and contusions. These injuries caused severe mental and physical suffering. He lost appetite, weight and sleep. In spite of extensive hospital treatment, firm union of the lower fracture in the tibia was not secured nor can it be secured by future treatment. This renders that leg almost useless.

About nine months after the accident, the plaintiff, under the instructions of his physician, was exercising his injured leg with due care in his home, using a crutch. The use of the crutch was necessary due to his weakened physical condition and the failure of the tibia to form a firm union, all as a result of the original accident. On account of his injuries, he was unable

to use his crutch properly, it slipped and his weight was thrown upon the injured leg. This bowed at the site of the fracture and the fibula, not being a weight bearing bone, was unable to bear the strain and broke in a different place, necessitating further treatment. His leg was still in a cast at the time of trial, over a month later.

The plaintiff was about fifty-seven years of age at the time of trial and previous to this injury had always been healthy and vigorous. His expectation of life exceeded fifteen years. He had worked for many years as foreman of the flat wire and rod department of the Chase Metal Works and was earning $39.25 a week. He was still totally incapacitated at the time of trial but it was hoped that within a period of six months he could be fitted with a brace, and that in time he would be so far restored physically that he could get around and do some light work which did not require standing or walking around. Due to his general condition as above described, however, he will never be able to resume his former occupation or earn any substantial sum by factory work or otherwise. The defendant offered no medical testimony. In addition to hearing extensive medical testimony on behalf of the plaintiff, the trial judge made a careful personal examination of the condition of the plaintiff's leg.

The defendant claims that, on this finding, the award of damages of $23,500 was excessive. To overthrow the award of damages when assessed by a judge, the defendant must show that it was so excessive as to be one that the trial court could not reasonably make. *Goldberg* v. *Mertz,* 123 Conn. 308, 310, 194 Atl. 721. Here, as in *Ward* v. *General Ice Cream Corp.,* 118 Conn. 363, 365, 172 Atl. 781, "The record before us unmistakably shows that the trial court was assiduous in its efforts to reach a just and sound decision and

gave most careful consideration to every element in the situation. Under such circumstances we would hesitate except for very clear reasons to overturn its conclusion upon a matter so difficult to determine as the amount of damages justly to be awarded for personal injuries of the nature of those involved in this case." While comparison of the amount of damages in personal injury cases is generally unprofitable, the plaintiff points out that a verdict for $25,000 for the loss of a leg with complications was sustained in 1921 in *Richmond* v. *Norwich*, 96 Conn. 582, 584, 599, 115 Atl. 11. While we may say here, as was said in the case last cited, that the award is large for this jurisdiction, it is not so unreasonable as to be excessive under all the circumstances.

The defendant also complains because the award included damages for the second injury described above on the ground that, even if he was negligent on Middlebury Road, that negligence was not the proximate cause of the second fracture of the plaintiff's fibula which occurred in his own home nine months later.

The rule on proximate cause approved in *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762, is that " 'To constitute such causal relation between defendant's tort and plaintiff's damage as will suffice to maintain an action of tort, the defendant's tort must have been a substantial factor in producing the damage complained of.' " If the defendant's tort is a substantial factor in producing the plaintiff's injuries, it matters not that some intervening cause contributed thereto. *Lombardi* v. *Wallad,* 98 Conn. 510, 517, 120 Atl. 291; *Mahoney* v. *Beatman,* supra, 199; *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 652, 2 Atl. (2d) 220. No case appears to have arisen in Connecticut requiring the application of this principle to precisely the state of facts here.

The rule is the same whether the action is to recover for death or for personal injury. *O'Rourke* v. *Louisville & Nashville R. Co.*, 197 Ill. App. 45, 51. The question often arises when disease is superimposed on injury. In *Bates* v. *Carroll*, 99 Conn. 677, 679, 122 Atl. 562, and *Dehron* v. *Clark*, 122 Conn. 592, 599, 191 Atl. 526, recovery was denied because proof of causal connection between the injury and the disease was lacking, but there was a strong intimation in both cases that, had the connection been proved, recovery would have been allowed. *Batton* v. *Public Service Corp.*, 75 N. J. L. 857, 859, 69 Atl. 164, 18 L. R. A. (N. S.) 640; 79 A. L. R. 351, note. In *Brown* v. *Beck*, 63 Cal. App. 686, 694, 220 Pac. 14, the second injury, as here, occurred while the plaintiff was using crutches under the direction of his doctor, lost his balance and fell, and his administrator recovered for the second injury. *Hyvonen* v. *Hector Iron Co.*, 103 Minn. 331, 334, 115 N. W. 167. In *Hartnett* v. *Tripp*, 231 Mass. 382, 115 N. E. 17, the plaintiff had sufficiently recovered from a fracture of the femur of his right leg to get up by the use of crutches and sit in a wheel chair. In attempting this, one of his crutches slipped and he fell back into the chair, breaking his leg again in the same place. In ruling that the evidence as to the second fracture was properly admitted the court said (p. 385): "While a wrongdoer cannot be charged with liability for the result of a separate, independent and intervening act for which he is in no way responsible, he is liable for the direct and proximate result of the first injury. The second injury, caused by the slipping of the plaintiff's crutch, could have been found to have had a causal relation to the original injury for which the defendant would be liable. It does not appear that the plaintiff acted carelessly or improperly; he had so far recovered from

his first injury that he was permitted to use crutches, although still being treated at the hospital. In attempting to get out of the chair with the aid of his crutches, he was performing a natural and necessary act, which it could not be ruled was negligent or so distinct from his original injury as to be a separate and independent act. The presiding judge clearly and accurately instructed the jury that the plaintiff could not recover for the second fracture as an element of damages unless they were satisfied that it was a natural and proximate result of the original injury." See also, Restatement, 2 Torts, §§ 459, 460; *Smith* v. *Northern Pac. Ry. Co.,* 79 Wash. 448, 453, 140 Pac. 685; 76 A. L. R. 1285, note.

Of the cases cited by the defendant, *Vander Velde* v. *Leroy,* 140 Mich. 359, 103 N. W. 812, denied recovery because the second accident was not within the cause of action alleged. *Snow* v. *New York, N. H. & H. R. Co.,* 185 Mass. 321, 70 N. E. 205, is distinguished in *Hartnett* v. *Tripp, supra.*

In this case it is expressly found that the plaintiff was exercising his leg with due care under his doctor's advice and this finding is not attacked. It is further found that the second injury resulted from the first. This conclusion was proper on reason and authority and must stand.

There is no error.

In this opinion the other judges concurred.