**Citizens Trust Company v. Tucker**

*Martha Duvall,* for plaintiff.
*Paul J. Malizia,* for defendant.

FINK, *P. J.,* July 12, 1984—Plaintiff-bank filed a complaint against defendant in the Civil Division of Court of Common Pleas of Potter County demanding judgment against defendant for the sum of $4,000 plus interest and costs. There was nowhere on the face of the complaint in which it was indicated plaintiff's cause of action was in trespass or assumpsit.

Defendant initially filed an answer and new matter to plaintiff's initial complaint to which plaintiff filed preliminary objections, to which defendant filed a formal response to plaintiff's preliminary objections. Defendant thereafter voluntarily filed a document called, "Defendant's Amended New Matter" to which plaintiff again filed preliminary objections, and to which defendant again filed a response to plaintiff's preliminary objections.

This court, by opinion and order, sustained plaintiff's preliminary objections in the nature of a demurrer filed to defendant's new matter. The court thereafter pointed out to counsel for plaintiff that it might be wise to see if the parties could stipulate the factual and legal issues before the court as there had already been two or three pre-trial hearings.

This court further pointed out to counsel for plaintiff that in the court's opinion, the complaint itself would not support a motion for summary judgment or judgment on the pleadings, in that, in the court's opinion, plaintiff's complaint did not state a cause of action. Therefore, in lieu of a number of other pre-trial hearings and procedural issues raised by both counsel, it might well be easier if the court

were to be presented with facts from which the substantive issue or issues could be raised and on which the court could base a substantive verdict, there being no facts in dispute. (This was the first and will be the last time that the court will seek to interject in such a manner.)

The parties therefore entered into a written stipulation dated April 19, 1984, which present the entire set of facts from which the court is to make a substantive determination, and they are as follows:

1. Plaintiff, Citizens Trust Company, is a Pennsylvania Banking and Trust Corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having its principal place of business in Coudersport, Pennsylvania.

2. Defendant, Robert L. Tucker, resides on Maple Street in Roulette, Pa.

3. At all times herein mentioned, defendant, Robert L. Tucker, had a checking account with plaintiff bank, said account being No. 1-01194-9.

4. On October 25, 1982, defendant presented check no. 4834 in the amount of $4,000 drawn on his account No. 1-01194-9, asked that it be certified, and paid $5 therefor. On that date there were sufficient funds in defendant's account with plaintiff with which plaintiff could have reimbursed itself. The amount has never been paid.

5. After determining that there was sufficient funds on deposit in said account, plaintiff certified said check.

6. Due to an error by the bank, the amount of the check was not debited against the account of defendant.

7. When the check was eventually presented to plaintiff, it was paid out of plaintiff's own account.

8. This error was discovered by plaintiff in December of 1982.

9. On March 30, 1983, defendant was approched by an officer of the bank and informed of this error.

10. At that time the payment was demanded from defendant, and at that time defendant indicated his inability to pay because of lack of funds. His account had been depleted.

11. Plaintiff waives any prior objection and submits this matter to the judge for his consideration based on the stipulation as stated.

12. Defendant waives any objection to the form of the action, and agrees it is an action in assumpsit.

In the memorandum of law presented by defendant, the definition of a certified check is pointed out to the court as follows:

"A certified check is one drawn by a depositor upon funds to his credit in a bank which a proper officer of the bank certifies to be paid when duly presented for payment. In essence, when a check is certified, it is deemed to be charged to the account of the drawer; and the sum thus charged remains as a deposit to the credit of the check itself and is withdrawn from the control of the drawer, except as the holder of the check . . .

In addition, a bank certifying a check charges or debits the account of the drawer at the time of certification and sets aside the funds out of the drawer's control to pay the check when presented."

Bailey, Brady on Bank Checks, 5th Ed. sec. 10.1 (1979).

Counsel for defendant further points out that the certification of a check by a bank works an automatic transfer of the amount of the check from the account of the maker to the credit of the payee. It constitutes an absolute and unconditional engagement by the bank to make payment not as if it were the debt of another, but as its own obligation. Hamburg-

er Brothers & Co. v. Third National Bank & Trust Co., 333 Pa. 377, 5 A.2d 877 (1939).

There also appears to be the law of Pennsylvania that the delivery by a bank to a depositor of his cancelled checks and a statement of his account constitutes the rendition of an account — such an account is binding not only upon the depositor, but also upon the bank, unless duly impeached for fraud or error. Weck v. First Pennsylvania Banking & Trust Co., 202 Pa. Super. 39, 195 A.2d 111, 114 (1963).

One of the difficulties in deciding the present case is that not only did plaintiff fail to supply a brief, but plaintiff failed to allege or present facts from which it could clearly be determined as to what the contract is on which plaintiff seeks recovery.

Therefore, we can only assume that the contract contains terms not expressed but implied and was created between the bank and defendant at the time defendant paid the bank $5 for the purpose of issuing a certified check in the amount of $4,000 to the third party payee.

What are the implied terms of a contract of certification between customer and bank? It would appear that the only terms implied by law would be that the bank would issue a draft to the designated payee in a specified amount, that the bank would guarantee that draft so issued, that the bank would appropriately charge the customer's account accordingly and for which the bank would request a fee from the customer, in this instance, $5, which was paid by the customer.

Unfortunately, the bank neglected to charge the customer's account and take the money out of the account which was present at the time the certified draft was issued by the bank. The bank, before

issuing the certified check, expressly determined that there was sufficient funds in the customer's account to cover the amount of the certified check.

The bank now brings an action in assumpsit, requesting the customer to pay the bank the $4,000 which it neglected to take from the customer's account over an extensive period of time. We do not understand, nor has plaintiff made any effort to point out to the court that an implied term of the contract above-mentioned is that the customer-defendant promised the bank-plaintiff that the customer would pay the bank anything.

The customer did, by implication, authorize the bank to take money from the customer's checking account and the money was, in fact, there to be taken at the time. We can not, under any stretch of imagination, extend the terms of the contract by implication beyond that.

It is possible that from the facts stipulated, plaintiff could have proceeded on a theory of quasi contract and unjust enrichment. A quasi contract is a contract implied in law as opposed to a contract implied in fact. It is a fictional contract created by law for the purpose of endorsing legal duties where no proper contract exists and will be presumed whenever necessary to account for a relation found to exist between parties where no contract, in fact, exists. P.L.E. Contracts, §7 (page 13).

The quasi contract is the means the law has adopted to promote justice. But, the law is clear that a quasi contract principle will not apply to an agreement deliberately entered into by the parties, however harsh the provisions. P.L.E., Ibid.

In the instant case, we believe that there is a contract, viz., that was created when the customer paid $5 for the certified check as above discussed. Under the facts in the instant case, plaintiff made a mis-

take under an existing contract which did, in fact, result in unjust enrichment. Whatever the proper cause of action may be, if any, we're convinced that it is not an action in assumpsit for the reasons above stated, and thus the following

## ORDER OF COURT

And now, this July 12, 1984, judgment is hereby entered in favor of defendant with costs of suit.